196    SUPREME COURT OF WISCONSIN,

State ex rel. Knox vs. Hundhausen, Treasurer, etc.

STATE ex rel. KNOX vs. HUNDHAUSEN, Treasurer, etc.

*Constitutional law — Tax deed : Ch.* 113, *Laws of* 1867, *when applicable to persons holding certificates of prior sales.— Mandamus : Burden of proof.*

1. Ch. 113, Laws of 1867 (which required the holder of a tax certificate to notify the person, if any, in adverse possession of the land, of his intention to apply for a tax deed), is valid as to sales made *before* its passage, where a *reasonable time* was given the holders of certificates to comply with its provisions so as to obtain their deeds when they would otherwise have been due.
2. In this case, where the tax deed would not have become due until January 25, 1868, the act (which took effect in April, 1867) would be held binding, if there was any person *thus* in adverse possession for thirty days during the six months *prior to that day.*
3. If no one was thus in possession, the right of the tax title claimant to a deed would become absolute on that day, and would not be affected by a *subsequent* adverse possession.
4. To entitle such complainant to compel by *mandamus* the issue of such a deed, where his demand therefor was not made until some months after it is claimed to have become due, he must show affirmatively either that there was no such adverse possession *before* the day it became due, or that notice was duly given.

APPEAL from the Circuit Court for *Milwaukee* County.

Section 1, chapter 113, Laws of 1867, provides, that "whenever any lot or tract of land which has been, or shall hereafter be, sold for taxes, shall have been in the actual occupancy or possession of any person for the period of thirty days or more, at any time within the six months immediately preceding the expiration of the time of redemption, or the six months immediately preceding the time when the deed shall be applied for, such deed shall not be issued unless a written notice shall have been served upon the owner or upon such occupant by the holder of the tax certificate, at least three months prior thereto, stating that he is the holder of such certificate, and setting forth a copy thereof, and stating the time when such deed will be applied for ;

and at any time previously thereto, or to the issuing of such deed, such lot or tract of land, or any part or interest therein, may be redeemed from taxes," etc.

In January, 1865, a certain lot in the city of Milwaukee was sold to the city for delinquent taxes; and in 1866 the relator became owner of the certificate. In December, 1868, he applied to the circuit court for a *mandamus* to compel *Hundhausen*, as treasurer of said city, to issue to him a tax deed for said lot. His relation states, *inter alia*, that the lot had not been redeemed; that the relator, on the 12th of said month of December, while owning and holding the certificate, had demanded of said treasurer such a deed, tendering his fee and offering to surrender his certificate; that the land was in the actual occupation or possession of the owner thereof for the period of more than thirty days within the six months immediately preceding the said 12th day of December; and that the written notice mentioned in the act of 1867, above quoted, "was not served upon the owner of said lot by the holder of said tax certificate, nor by any person in his behalf."

An alternative writ was issued, which the defendant moved to quash; and, from an order granting this motion, plaintiff appealed.

*Fraser & McWhorter*, for appellant, to the point that chapter 113, Laws of 1867, is invalid as impairing the obligation of the contract made with the purchaser at the tax sale, and evidenced by the certificate, cited *Bruce v. Schuyler*, 4 Gilm. 221 (275); *Robinson v. Howe*, 13 Wis. 341 (345); *Smith v. Cleveland*, 17 id. 556 (569); Smith on Stat. and Con. Law, § 248; Story on the Const. § 1385, and cases cited; *Streubel v. M. & M. R. R. Co.*, 12 Wis. 67 (74); *Cornell v. Hichens*, 11 id. 353 (371).

*D. G. Hooker*, contra, cited *Lain v. Shepardson*, 18 Wis. 59; *Von Baumbach v. Bade*, 9 id. 559; *Van Rensselaer v. Snyder*, 3 Kern. 299.

PAINE, J.   In a former case between these parties, this court decided that chapter 113, Laws of 1867, so far as it purported to apply to tax certificates upon which deeds were already due at the time of its passage, was invalid, as impairing the obligation of the contract.   It was suggested, however, in that opinion, that it might be "valid as to sales made previous to its passage, but as to which there was a reasonable opportunity furnished to the holders of the certificates to comply with its provisions in time to obtain their deeds when they would otherwise have become due."

This case was brought for the purpose of obtaining a direct decision upon that point.   It was assumed on both sides to present the question, which was the only question argued.

We considered it, and came to the conclusion that, in such a case, the act would be valid ; that it is competent for the legislature to regulate and change the modes of conducting the official and public business of the state, although such changes impose upon parties having contracts the necessity of complying with some new formalities, in order to enforce their rights under the contracts. The power is substantially the same as that of regulating and changing the remedies for the enforcement of contracts, which are held to be a part of the contracts. That power was fully considered and recognized by this court in *Von Baumbach v. Bade*, 9 Wis. 559.   Of course, this doctrine is subject to the rule that every provision of substantial benefit in the contract must be left unimpaired.   No new terms affecting any of these, or requiring any new or further consideration, could be sustained. But the changes which may be sustained are those which merely require a compliance with new forms, and which are incident to the general power of the legislature to regulate the modes of conducting the public business in the state.   The requirements of this act, when applied to a party holding a certificate on which he will not be

entitled to a deed before he has had an opportunity to comply with them, seem to be of this character. The legislature, upon grounds of public policy, and for the purpose of better protecting the interests of those having rights of redemption, required the holder of the certificate to notify the person in possession of the land, if any, of his intention to apply for the deed. This does not interfere at all with his rights under the contract. They are in no wise diminished. The rights of the owner of the land are in no wise enlarged. It is merely a new formality, imposed upon grounds of public policy, and by observing which he secures all his rights unimpaired. This we do not think can be held to impair the obligation of the contract.

But, on looking more closely at the case, we discovered that the question was not presented so directly as was supposed, although it becomes necessary to decide it. According to the allegations of this writ, the tax deed became due on the 25th of January, 1868. It was not applied for until the 12th of December, 1868. And the allegation, therefore, that the owner was in possession of the land for thirty days within the six months next preceding the time of applying for the deed, throws no light whatever upon the question whether any one was in possession within the six months next preceding the time when the deed became due. It would only have been in that event that the holder of the certificate could have complied with the law, so as to get his deed when it was due. And it would be necessary that there should have been such a possession that the holder could have given the three months' notice in time to obtain his deed as soon as he otherwise would.

The act was published and went into force on the 17th of April, 1867; so that there was time for the holder to have complied with it in time to have obtained his deed when due, provided there was any one in possession, so as to require a compliance. If there was not, his right

to the deed became absolute, and the act could not be made applicable by a subsequent possession on the part of the owner. The case could then be within the principle of the former decision.

But the real question here is, whether it was not incumbent on the relator, in order to entitle him to a *mandamus*, to show, in his relation, whether there was or was not such a possession within the six months before the deed became due, as made it necessary for him to comply with the act. We think it was. In order to authorize a *mandamus* against a public officer, it must clearly appear from the facts alleged that it is his duty to perform the act. This law being held valid as applicable to such a case, provided there was such a possession as would have enabled the party to comply with its terms, then it does not appear whether it is the legal duty of the officer to execute the deed or not, until it appears whether there was such a possession or not. And, because this does not appear, the motion to quash the writ was properly granted.

*By the Court.*—The order is affirmed.