Plum and another vs. The City of Fond du Lac.

PLUM and another vs. THE CITY OF ·FOND DU LAC.

*February 8 — March 2, 1881.*

HIGHWAY: NOTICE: CONSTRUCTION OF STATUTES. *(1) Statutory notice of injuries from defective highway. (2) Application of statute to past injuries.*

1. Section 1339, R. S. (which prohibits the maintenance of an action for injuries from a defective highway unless, within ninety days from the date of such injury, a certain notice be given to the public corporation which is responsible for the condition of such highway), took effect some ten or twelve days after the injury in this case was received; and the notice required by the statute was not given. *Held*, that the statute was applicable to the case, and the action will not lie.

2. The use in the statute of the *future tense* in describing the cause of action — "If any damage *shall* happen," etc., — does not affect the applicability of its provisions to the case stated; especially as that part of the statute giving the right of action had been in force for many years, and was merely adopted into the revision with new conditions in respect to the remedy.

APPEAL from the Circuit Court for *Columbia* County.

Defendant appealed from a judgment in favor of the plaintiffs. The case is stated in the opinion.

*W. D. Conklin*, for the appellant.

The cause was submitted for the respondents on the brief of *Henry J. Gerpheide*.

ORTON, J.    This is an action to recover damages for personal injury occasioned by a defective sidewalk. The injury happened October 20, 1878, and the action was commenced about the 28th of December following. Section 1339, R. S., provides that "no such action shall be maintained . . . unless, within ninety days after the happening of the event causing such damage, notice in writing, signed by the party, his agent or attorney, shall be given to . . . or mayor or city clerk of the city against which damages are claimed, stating the place where such damage occurred, and describing generally the insufficiency or want of repair which occasioned it, and that satisfaction therefor is claimed of such . . . city." The Revised Statutes, containing this new provision in relation to suits against cities for such cause, were approved June 7, and took effect November 1, 1878; so that, in respect to this injury, there were eighty days of the ninety mentioned in the statute, after the injury, in which such notice could have been given. There was no proof that such notice was given in this case, and this was one of the grounds of a motion for a nonsuit after the plaintiffs had concluded their evidence. This motion was overruled, and the defendant excepted, and the learned circuit judge finally instructed the jury that no such notice was required to be given, holding that this provision of the statute was not applicable to cases of such injury happening before the statute took effect.

This question being the most important of any presented in the record, and, as we shall decide it, probably fatal to the action itself, we shall consider no other. The language of the statute, requiring such notice "*within* ninety days after the happening of the event," is peculiar. It does not require notice to be given for any length of time, but that it shall be given

*within* a certain time. The statute took effect within and a long time before the expiration of the ninety days after this event happened, and therefore such notice could have been given, and the statute literally and fully complied with in this respect. The plaintiffs had ample time to give the notice which was the condition precedent to maintaining their suit, and could have given it without inconvenience or injury. It must be held, therefore, that the statute required them to give such notice. Such a statute cannot properly be called retroactive or retrospective in any sense, much less in the sense of being void as affecting the rights of the party. In the latter sense, the new statute must materially affect the subject matter of the action or some vested right therein, and partake of the mischief of *ex post facto* laws, properly so called. When a statute relates only to the remedies· to be administered in future actions, and regulates and imposes reasonable conditions upon such actions, and can be easily and fully complied with before bringing such actions, it is not in any sense retroactive. A statute relating to the remedy alone may be in a certain sense retroactive, and yet not be objectionable for that reason; but this statute relates to the *future* conduct of the party and not to the past, and has no retrospective character whatever. It may be said that this statute might not have taken effect until the ninety days had already expired in which such notice could be given, and therefore must be inoperative, at least as to some *future* actions for past injuries, and that that is a strong reason why the statute was not intended to apply to cases of past injury. It may be that such cases would be excepted from the operation of the statute by the terms of the statute, which cannot be construed to impose impossible conditions precedent to maintaining an action, unless it can have no other interpretation. But this question is not before us. The question here is, whether this statute has application to *this* action, in which this notice could have been given, and when the action was not brought until long after the expira-

tion of the ninety days. But, treating this statute as in a certain sense retroäctive, and yet as relating only to the remedy, it should be upheld and made operative in all cases where it would not affect the subject matter of the action, or interfere with vested rights either in suits or property. Potter's Dwarris, 162, and note 9; *Von Baumbach v. Bade*, 9 Wis., 559.

Many statutes far more questionable in their application to past or pending remedial proceedings, and which have imposed new conditions upon the remedy, such as requiring notice to be given or some other things to be done, when there is reasonable time or opportunity for the substantial performance of such conditions, within their spirit and intent, after they have taken effect, have been upheld by this court, as in *Parker v. Kane*, 4 Wis., 1; *State ex rel. Knox v. Hundhausen*, 24 Wis., 196; *Curtis v. Morrow*, id., 664; and in numerous other cases.

The learned counsel of the respondent insists that the language in some parts of this section makes this particular provision apply only to cases of future injury. The section begins, "If any damage *shall* happen," and further on, "If such damages *shall* happen," and in the clause requiring such notice to be given, "such damage." This form of the future tense of the verb is very common in statutes which clearly relate to the past as well as the future, and has no particular significance in determining their effect as future or retroäctive. By the statute rule of construction, the words "shall have been" include past and future cases (section 4972, R. S.); and in *Klaus v. City of Green Bay*, 34 Wis., 628, it was argued by counsel that the words "who shall have done work" plainly referred to the future and not to the past, and the present chief justice said, in his opinion: "But there is nothing in the language, when considered with reference to the object of the law, which requires that they should have this restricted application. This and similar language is frequently

used in statutes which have been held to operate retrospectively, and we have no doubt the legislature intended that the remedy should apply to a case like this before us." This language is especially appropriate to this case. The object of requiring such notice to be given in any case, is that the city authorities may ascertain the facts of both the defect in the sidewalk or street and the personal injury occasioned thereby, before they are obscured or lost by lapse of time, and to enable them to make reparation without suit, if they should see fit to do so. This object is certainly beneficial, and should be supported in all cases where such notice could be given after the law requiring it took effect, as in this case. But a sufficient reason why this peculiar form of the verb "shall happen," as used in this section, does not limit this provision to cases of injury occurring after the Revised Statutes took effect, is that nearly all of the section, except this provision, is an old statute, which has been in force since 1869, including these words, "if any damage shall happen," and other similar words, and is merely incorporated in the Revision. The liability of cities, and the right of action for such injuries, were not first established by the taking effect of this provision, but existed under the statutory liability of towns in respect to highways. *Kittredge v. City of Milwaukee*, 26 Wis., 46. This provision only imposes a new condition upon the maintenance of such an action, which in this case might have been performed by these plaintiffs, and failing to perform which they could not maintain this action. The motion for a nonsuit should therefore have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial therein.