REBECCA C. STAMPOSKI

*v.*

PHILISKEY E. STANLEY.

*Filed at Ottawa March 6, 1884.*

1. TAXATION AND TAX SALES—*entry of judgment—whether prior to act of 1879—as affecting the right to interpose objections.* On application for judgment against delinquent lands and lots at the June term, 1879, of the county court, a rule was entered requiring all objections to be filed by June 16 of that year, on which latter day judgment by default was ordered in all cases in which no objections were filed, but the consideration of the objections to the other lands and lots was not concluded until after July 1, 1879, when a general judgment was entered against the lands and lots, except those as to which objections were sustained: *Held,* that the judgment as to the lands in respect of which no objections were filed, was to be regarded as having been rendered on June 16, 1879, and as to them the amendment of section 224 of the Revenue act of 1879, in force July 1, 1879, in respect to the conclusiveness of the judgment as against certain objections, did not apply.

2. SAME—*sale of several lots as an entire tract.* Where a fraction of lot 7, and lot 8, were both assessed as one tract in 1878, and judgment was obtained against the same before July 1, 1879, the whole tract was held rightfully sold for the taxes of 1878, and to redeem from such sale within six months, the owner was required to pay the amount of the bid, with twenty-five per cent added thereto.

3. SAME—*back taxes—must be added to the taxes of the current year, not extended separately.* The sale of a lot for the "back tax and forfeitures," extended separately, without being added to or combined with any tax for the current year, is irregular, and no penalty of twenty-five per cent can be demanded on a redemption from such sale.

4. The only lawful mode of collecting back taxes is as a part of an aggregate made by the county clerk adding the back tax and the tax for the current year together. It is only the back tax upon "*such* real property" as has been

*valued* for the current year by the assessor, which is to be added to the back tax "upon *such real* property" as the clerk is then dealing with in the making up of tax due for the current year.

5.   There is no authority given by statute to the court to render judgment against any land "for back tax and forfeitures," except in cases where such back taxes have been placed in the collector's warrant by the county clerk by adding the same to the amount of the taxes for the current year against the same property as that forfeited, and when such back taxes are made upon the warrant a part of an aggregate amount so added together.   The tax-payer is not required to search the books in more than one place for the taxes against his land, when no cause exists for placing several charges in different places, nor can he be harassed by more than one judgment and one sale of his property.

6.   Where the owner has procured several adjoining lots to be listed as an integer for the current year, he by necessary implication consents that the sum of the back tax and forfeitures for each lot shall be brought forward as a charge upon the whole.

7.   SAME—*redemption—in case lot is sold twice for different years' taxes.* Where a lot is forfeited to the State for taxes, and the amount of the taxes of that year is not added to the next year's tax, but each is extended separately, and two judgments are rendered against the same for the taxes of the different years, and two separate sales of the lot are made, the owner will have the right to redeem from the sale for taxes of the last year by paying the statutory penalty to the purchaser, and from the sale for the back taxes by paying the purchaser the amount of his bid, with six per cent interest thereon from the day of sale.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. W. H. BARNUM, Judge, presiding.

Mrs. Stamposki (the appellant) in 1879 was the owner and occupant, and for many years had been, of a parcel of land in Chicago, consisting of a strip of land two feet wide, adjoining Wabash avenue on the west side of the street, (described as "west half, except street, of lot 7, in Brown's subdivision," etc.,) and of lot 8, in the same subdivision, which adjoined lot 7 on the west thereof.   This parcel of land was inclosed with a fence, and was occupied as one property.   For the taxes for 1877 this land was listed separately, as two tracts, and for the taxes for that year each tract was returned as

delinquent, and judgment went against each for sale for taxes and costs, and at the tax sale, for want of bidders, was struck off as forfeited to the State, thus: "West half of lot 7, except street, forfeited for $42.57; lot 8, forfeited for $489.33."

In preparing the list of lands for the assessor, for the taxes of 1878, the clerk listed this property as one property, and the assessor valued the same as an integer, so that the assessor's book, when returned to the clerk for the extension of taxes against the property, stood thus:

"West ½ of lot 7, except street, and ⎫   Value,
                    lot 8,                       ⎬   $3000."

When the clerk was making up the amount of tax due upon this property, he extended against this whole property so valued as an integer, the taxes for 1878, (the current year,) amounting in all, with costs, to $168.79. He then inserted above the line, "for taxes for the current year," a new line, thus: "W. ½, except street, of lot 7," and extended a tax against the same, on that line, for "back tax and forfeitures," $42.57. He also, at the same time, interlined below the line in which taxes for the current year were extended, another line, thus: "Lot 8," and extended a tax against the same, on that line, for "back tax and forfeitures," $489.33. In this condition the list, duly certified, went into the hands of the collector, as his tax warrant. These taxes not being paid, the warrant came into the hands of the county collector, and these lands, in this form, were returned as delinquent, and such proceedings were had that judgment was rendered upon the list, so that one judgment was rendered against the part of lot 7 for $42.57, for "back tax and forfeitures," and another judgment against the entire property, consisting of part of lot 7 and all of lot 8, for $168.79, for taxes of 1878, and another judgment against lot 8, for "back tax and forfeitures," for $489.33. Each of these judgments embraced costs. The taxes and costs remaining unpaid, at the tax sale three separate sales were made, on October 2,

1879,—the part of lot 7 to H. Combs, for $42.59, for "back tax and forfeitures;" the entire property for $168.79, taxes for 1878, to P. E. Stanley, (the appellee,) and lot 8, in another sale, to P. E. Stanley, for $489.33, as "back tax and forfeitures," and a separate certificate of sale was issued upon each sale.   Combs assigned his certificate to Stanley, and from that sale appellant redeemed the part of lot 7, paying the amount of the bid and twenty-five per cent thereon,— that is, $53.21.   In less than six months from the date of these sales appellant offered to redeem all this property from the two last sales, and by her agent tendered to Stanley $725, as full redemption from these sales.   This Stanley refused, insisting it was not enough, but refused to state exactly how much he deemed sufficient, referring her agent to the county clerk to ascertain the amount required.   The agent applied at the clerk's office for information, but failed to get any satisfactory information, being there referred to Stanley for information.

On March 23, 1880,—being less than six months after the date of the sale,—appellant filed her bill, setting out substantially the above facts, claiming that her redemption was good, and asking that the outstanding certificates of sale be canceled, and to that end offering to pay whatever amount was necessary to redeem, to be determined by the court. Appellee answered, insisting the amount tendered was not enough.   The suit was continued from time to time, until more than two years from the date of the sale, and after this, appellant, on leave, amended her bill, and after this, appellee answered the bill as amended, and in that answer insisted that the redemption tendered was not sufficient, and claiming that he was entitled to the full amount of his bids and the penalties provided by the statute in such cases.   On hearing, the court dismissed complainant's bill for want of equity. She appealed to the Appellate Court.   There the decree was affirmed, and the cause comes here on appeal, upon the cer-

tificate of the judges of the Appellate Court, as provided in the statute.    Other facts are stated in the opinion.

Messrs. DENT & BLACK, for the appellant:

It is only in case of appearance and defence that a judgment against land for taxes is conclusive.   *Belleville Nail Co.* v. *People,* 98 Ill. 399; *Gage* v. *Bailey,* 102 id. 14.

The amendment of 1879, to section 224 of the Revenue law, should not be held to apply to taxes of 1878, or prior years.    But in point of fact the judgment against this land was rendered on June 16, 1879, and is not embraced in that amendment.

Including compound interest in the judgment avoids the tax sale.   *McLaughlin* v. *Thompson,* 55 Ill. 249; Cooley on Taxation, 344; *Kimball* v. *Ballard,* 19 Wis. 634; *Kemper* v. *McClellan's Lessees,* 19 Ohio, 327.

In making up the tax warrant the clerk had no right to make such a separation of the back taxes from the current year's tax as to require two judgments against the same property, and more than one sale thereof.    It was not reasonable to sell this property three times at the same sale under the same judgment.   *Shoemaker* v. *Lacey,* 38 Iowa, 277.

Messrs. J. P. & T. R. WILSON, for the appellee:

The amendment passed May 31, 1879, to section 224 of the Revenue law, is applicable to the judgment on which the tax sales in question in this suit took place.    The judgment of the county court was on August 21, 1879.

The judgment under which the sale was made is conclusive evidence of its regularity and validity.

Both the objections now urged against the judgment, viz: that it is for too large a sum, and that two distinct judgments were rendered against the same land, could have been presented as a defence to the application for such judgment,

and the parties are now estopped from raising these objections.

That it is competent for the legislature to make a judgment rendered upon constructive notice by publication, final and conclusive, this court has decided by repeated adjudications. *Gage* v. *Parker*, 103 Ill. 528; *People* v. *Brislin*, 80 id. 423; *Lehmer* v. *People*, id. 601; *Prout* v. *People*, 83 id. 154; *Andrews* v. *People*, id. 529.

It is contended by counsel, in argument, that the statute permits the judgment to be impeached if it includes an unauthorized charge. This is a mistake. It allows the judgment to be impeached if the property is not liable to the tax sought to be collected. It is not claimed that this property was exempt from any taxes whatever. The Illinois cases cited by counsel were decided upon the statute as it stood before the amendment to the Revenue law, making the judgment conclusive.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The application for judgment on the delinquent list embracing these lands was made at the June term, 1879. A rule was entered requiring all objections to be filed by June 16, 1879. As to these and other lands no objections were filed. As to other lands objections were filed. On June 16, a judgment by default was ordered in all cases wherein no objections were filed, and the consideration of the objections, in the cases where objections were filed, was not concluded until after July 1, 1879. After this, and after objections in some cases had been sustained, a general judgment, in the form provided by statute, was entered against all lands in the delinquent. list as to which no objection had been sustained by the court. These lands were embraced in that general judgment.

Appellee insists that the amendment of section 224 of the Revenue act, should be held to apply to these judgments

against these lots, because this final judgment was not entered until after July 1, 1879, and by reason of such amendment no question can now be raised to such judgments which existed before the judgment.    We think this amendment does not apply to these judgments.    They were, in substance, rendered June 16, 1879, when the default was entered, and this was before the amending act came in force.    This judgment by default, on June 16, 1879, was, in substance, a judgment that each tract in the delinquent list, to the sale of which no objections had been filed, should be sold for the amount claimed in the delinquent list.    This judgment embraced these tracts.    Examining the sales (from which the privilege of redeeming is sought) in the light of the statute as it was when the judgments were rendered, and without reference to the amendment of July 1, 1879, we see no valid objection to the sale of the whole tract, for the taxes of 1878, for the sum of $168.79.    To redeem from this sale on March 17, 1880, when the tender was made, appellant was required to pay the amount bid, and twenty-five per cent added thereto, making $210.98¾.

As to the sale of lot 8 separately, for the "back tax and forfeitures" extended separately, without being added to or combined with any tax for the current year, we think it was irregular, and no penalty of twenty-five per cent can be demanded on account of such sale.    The only authority found in our statutes for selling land for "back tax and forfeitures," upon an extension of the same upon the tax warrant, is contained in sections 129 and 229 of the Revenue law.    Where real estate has been forfeited to the State, the county clerk is authorized by section 129, "when he is making up the amount of tax due upon *such real property* for the current year," to add to the tax of the current year "the amount of back tax    *    *    *    remaining due upon *such real property*, with one year's interest, at ten per cent, on the amount of tax due, and the aggregate amount, *so added together*, shall

be collected in like manner as the tax on other real property for that year may be collected." Section 229 declares: "The amounts due on lands and lots previously forfeited to the State   *   *   *   shall be *added* to the tax of the current year,   *   *   *   and the amount *so charged* shall be placed on the books, collected, and paid over in like manner as other taxes. Said additions and sales shall be continued from year to year until the taxes on *said property* are paid, by sale or otherwise."

It is plain, from the terms of these sections, that the back taxes to be added must regularly be back tax against the same land, precisely, against which the taxes of the current year are being extended, and that the only regular mode by which such back tax can be placed in the collector's warrant by the clerk, is that of adding the same to the taxes of the current year, and the only lawful authority for this mode of collection of such back tax is, as *a part of an aggregate* made by the county clerk adding the back tax and the tax for the current year together. It is only the back tax upon *"such* real property" as has been *valued* for the current year by the assessor, which is to be added,—the back tax "upon *such real property"* as the clerk is *then* dealing with in making up the amount of tax due for the current year. It is only as part of the aggregate amount, *"so added together,"* that such back tax is authorized by this statute to be collected in this way. There is no authority given by statute to the court to render judgment against any land "for back tax and forfeitures," except in cases where such back taxes have been placed in the collector's warrant by the county clerk, by adding the same to the amount of the taxes for the current year against the same property as that forfeited, and where such back taxes are made upon the warrant a part of an aggregate amount, "so added together." It is only as a part of such aggregate that back taxes of this kind are authorized by the statute to be collected "as other taxes" are or may be col-

lected.    This is not a matter of mere form,—it is matter of substance.    The tax-payer is not required to search the tax books in more than one place for the taxes against his land, where no cause exists for placing the several charges in different places upon the tax books and tax warrants.    The tax-payer failing to pay his taxes, is not to be harassed by more than one judgment and one sale of his property, without some necessity.    There are special cases provided for by statute where different classes of taxes may be collected separately, but this is not such a case.    As well might the clerk, in making up the tax list, charge the same property with county taxes for the current year in one place, and in another place charge the same property with the State taxes for the same year, and thus lay the foundation for separate judgments and separate tax sales, when the law provides for but one judgment and one sale for these items, in an aggregate.

It is suggested that this ruling will enable an owner of contiguous properties, which have been forfeited separately for back taxes, to defeat the collection of the same by demanding that the several adjoining tracts be listed as an integer for the taxes of the current year.    We think not.    When an owner, in such case, makes such demand, he by necessary implication asks and consents that the sum of the back tax and forfeitures for each part shall be brought forward as a charge upon the whole.

The listing by the clerk, of lot 8 separately, to be charged separately, with back tax and forfeitures, not in combination with current taxes, and not as a part of an aggregate formed by adding the two classes together, was so irregular upon its face as to render the sale invalid, and no penalty of twenty-five per cent upon the amount of the sale for back taxes attached to the same.    These back taxes, however, were a charge upon lot 8, and by the payment of the amount of his bid on that lot by Stanley, this charge in favor of the State was discharged.    He has, therefore, a right to insist that the

owner ought not to be allowed to redeem from the sale for the taxes for 1878, without refunding to him (Stanley) also the money paid on account of these back taxes on lot 8, with six per cent interest thereon from the day of sale until the day of redemption.   This amount, on March 17, 1880, was $500.34.   This, added to the regular redemption money, (say $211,) made, at that date, $711.34,—the full redemption money.   The tender was $725, being more than sufficient.

It is the opinion of the court that it was error in the trial court to dismiss appellant's bill.   The judgment of affirmance by the Appellate Court is therefore reversed, and the cause remanded, that the decree may be reversed and the cause remanded, with directions that a decree be entered holding the amount tendered for redemption by appellant to be adequate, and ordering the certificates of sale in question to be canceled upon the payment by appellant of the sum of $725, with interest from the date of the tender, or offer to pay that amount, within a time to be limited in said decree, with interest on that amount from the day of entering such decree.

*Judgment reversed.*