127  207
133  175
133  312

127   207
186  ⁸477
186  ³591

ASAHEL GAGE

*v.*

WILLIAM W. STEWART *et al.*

*Filed at Ottawa January 25, 1889.*

1. TAX TITLE—*notice—as.a prerequisite to a deed.* A strict compliance with the statute in respect to the service of notice of the purchase and when the time of redemption will expire, and of the proof thereof, is a prerequisite to the making of a valid tax deed.

2. SAME—*notice—amendatory act of 1879—its operation as respects sales made prior thereto.* The requirements of section 216 of the Revenue law, as amended in 1879, not included in that section before such amendment, are, that service of notice shall be had upon "the owner of or parties interested in said land or lot, if they can, upon diligent inquiry, be found in the county," etc. Provision is made for publication in case the land or lot is unoccupied, or the person in whose name it is assessed, or the owners or parties interested therein, can not be found in the county, or if the owners, etc., are unknown to the purchaser or his assignee, publication may be made as to them, as unknown owners, etc.

3. This amendment of 1879 was intended to take effect *in presenti* as to all notices to be thereafter served, and to apply to all purchasers at tax sales and their assignees, irrespective of when the sales for taxes were made. The amended act applied to all steps to be taken after it went into effect, and which could be performed according to its requirements. This construction does not give the act a retrospective operation.

4. A retrospective effect will not be given to a statute, unless the legislative intent that it shall so operate is clearly manifested. But no such effect is sought to be given to this statute. It, for the protection of those having the right to redeem, required that notice be served upon the owner, if to be found in the county, at least three months before the expiration of the time of redemption. The amendment in no way affects or applies to the sale, or any of the precedent steps lawful under the former statute, but relates solely to acts to be performed by the purchaser or his assignee subsequent to its taking effect, and by which his inchoate right in the land may ripen into a title.

5. These requirements—of giving notice of the sale, when the time of redemption will expire, and making proof thereof to the clerk— are in the nature of remedies to be pursued by the purchaser or holder of the certificate of purchase, to mature and perfect his title to the land

under the tax sale. As to all those acts which could be performed by the purchaser or his assignee after the statute became in force, it necessarily operated prospectively.

6. This amendatory act of 1879, in requiring notice to be served on others, not before included, of the time when redemption from a tax sale would expire, is not void, as impairing the obligation of the contract between the State and the purchaser at the tax sale.

7. RETROACTIVE EFFECT OF STATUTES—*to what extent allowable.* It is competent for the legislature, in its discretion, to regulate or change the methods of conducting public business, and to impose such restrictions and conditions upon those having contracts with the State as public policy may demand, although such restrictions, conditions or changes may require the observance of new forms by the public officers or by the party to the contract. The exercise of such power is, in effect, the same as the exercise of the power for the enforcement of contracts. Within the limitation that the right itself shall not be impaired, it is to be regarded as within legislative control.

8. A law, however, which deprives a party of all legal remedy, or imposes impossible conditions to the assertion of his right, will necessarily be void. The power of the legislature in this regard is subject to the limitation that every provision of substantial benefit in the contract must be preserved. No new conditions can be imposed requiring the payment of additional consideration, or that may hinder or prevent the purchaser or his assignees from acquiring title, or extending the time of redemption.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

The law in force when the tax sale took place required service of the notice on, first, the occupant of the land; and second, the person in whose name the land was listed or taxed, if to be found in the county. The property, here, was taxed in the name of A. C. Stewart, and he was dead, and the notice was served on his heirs, and the only persons in the actual occupancy of the land. *Gage* v. *Bailey,* 102 Ill. 11; *Garrick* v. *Chamberlain,* 97 id. 620; *Frew* v. *Taylor,* 106 id. 159.

It is also objected, that the affidavits do not show service on the owners or parties interested in the property. At the time

of the tax sale, these persons were not required to be served. All persons were duly served that the law required to be served when the sale was made.

Mr. H. S. McCARTNEY, for the appellees:

The act of 1879, imposing additional duties on purchasers at tax sales to entitle them to deeds, is a valid enactment as to sales made before its passage.  *State* v. *Hundhausen,* 24 Wis. 196; *Curtis* v. *Morrow,* id. 669.

The affidavits fail to show a sufficient service.  *Price* v. *England,* 109 Ill. 395; *Davis* v. *Gossnell,* 113 id. 121; *Gage Bailey,* 100 id. 531.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a bill filed by appellees, to set aside as clouds upon their title to certain lots in the city of Chicago, three certain tax deeds held by appellant.   An answer was filed to so much of the bill as related to two of said deeds, and a demurrer interposed to the residue of the bill, which averred the invalidity of the third of said deeds,—which demurrer was overruled by the court.   Appellant electing to abide by his demurrer, the cause was heard upon the issues presented by the answer, and a decree rendered in accordance with the prayer of the bill.

The only questions here presented, relate to the overruling of the demurrer, and the rendering of the decree upon the allegations of the bill as to the last of said deeds.

The deed in controversy bears date March 9, 1881, and is based upon a sale for taxes made October 21, 1878, and from which redemption expired October 21, 1880.   The bill, after setting forth the title of appellees, alleges that defendant claims title under said deed; that it is void; that in making proof to the county clerk preliminary to its execution, appellant did not comply with the law, for the reason that the affi-

14—127 ILL.

davit and notice filed for that purpose (copies of which are attached as exhibits, and made part of the bill,) are defective, and insufficient, in law, to authorize the making of said deed. Specific objections thereto are alleged, among which is, that no notice was shown to have been given to the owner of the lots, or proof filed that upon diligent inquiry he or they could not be found in the county, etc.

The question is fairly presented by the bill, and demurrer thereto, whether, in respect of this particular deed, service of notice upon the owners of or parties interested in the land or lots must be shown, or that upon diligent inquiry he or they could not be found in the county, or that some person in the actual occupancy of the premises, as tenant of the owner, or holding possession under him or them, was served with notice, must be made to appear by the affidavits filed, before the clerk could lawfully execute the deed. That compliance with the statute is a prerequisite to the making of a valid tax deed, has been so repeatedly held that no discussion thereof is necessary. *Holbrook* v. *Fellows*, 38 Ill. 440 ; *Gage* v. *Bailey*, 100 id. 530 ; *Frew* v. *Taylor*, 106 id. 159.

The difficulty arises in determining what were the requirements in this particular instance. What the notice must contain, upon whom and when it is to be served, with the manner of service, is prescribed by section 216 of the Revenue act; and if that section, as amended by the act of the legislature of May 31, 1879, (in force July 1, 1879,) is to control in this case, it is substantially conceded, as it must be, that the demurrer was properly overruled.

The requirements of the section as amended, not included in the act in force at the date of such sale, are, that service of notice shall be had upon "the owner of or parties interested in said land or lot, if they can, upon diligent inquiry, be found in the county," etc. Provision is made for publication in case the land or lot is unoccupied, or the person in whose name it is assessed, or the owners or parties interested therein, can

not be found in the county, or if the owners, etc., are unknown to the purchaser or his assignee, publication may be made, as to them, as unknown owners, etc. No service of notice, by publication or otherwise, upon the owners, was shown by the affidavit filed, nor was it shown that upon diligent inquiry they could not be found in the county.

It is insisted that, the sale occurring October 21, 1878, the law then in force will control in the subsequent proceedings necessary to maturing the tax title, and therefore no notice to the owner was required to be shown as a prerequisite to the making of the deed. We are of opinion that the section of the act of 1879 was intended to take effect *in presenti*, as to all notices served or to be served thereafter, and to apply to all purchasers at tax sales, and their assignees, irrespective of when the sale for taxes was made. This is, we think, the clear import of the language employed. The provision is not in respect of sales thereafter to be made, but is, that "hereafter no purchaser, or assignee of any such purchaser, of any land or lot, for taxes, etc., at any sale," etc., shall be entitled to a deed until he shall have complied with the conditions prescribed in that section of the statute. The amended act applied to all steps to be taken after it went into effect, and which could be performed according to its requirements. Nor does this construction give the act a retrospective operation, as seems to be supposed. The rule undoubtedly is, that a retrospective effect will not be given to the statute unless the legislative intent that it shall so operate is clearly manifested. But no such effect is sought to be given this statute. The legislature, for the better protection of those having the right of redemption, required that notice be served upon the owner, if to be found in the county, at least three months before the expiration of redemption. No other change affecting the right of the purchaser or holder of the certificate of purchase is wrought by this amendment. It in no way affects or applies to the sale, or any of the precedent steps in the proceeding,

lawful under the former statute, but relates exclusively to acts to be performed by the purchaser, or his assignee, subsequent to its taking effect, and by the performance of which his inchoate right in the land, under his certificate of purchase, might ripen into a title. These requirements,—of giving notice of the sale, when redemption will expire, and making proof thereof to the clerk,—are in the nature of remedies to be pursued by the purchaser or holder of the certificate of purchase to mature and perfect his title to the land under the tax sale. As to all these acts, which could be performed by the purchaser, or his assignee, after the statute became in force, it would necessarily operate prospectively. Bacon's Abr. Stat. 9.

The cases of *Stamposki* v. *Stanley,* 109 Ill. 210, and *People* v. *Thatcher,* 95 id. 109, are not in point. Those cases would be authority for the contention of counsel if the time of redemption had expired in this case prior to the act of 1879 going into effect, or if sufficient time had not intervened between that act becoming the law and the expiration of redemption, in which to give the prescribed notice. Here no such question arises, the act, as amended, having been in force more than a year before the notice was required to be given.

For the same reason, the position of counsel, that the act of 1879, if held applicable to this case, would be void, as impairing the obligation of the contract between the State and the purchaser at the tax sale, is not well taken. It is clearly competent for the legislature, in its discretion, to regulate or change the methods of conducting the public business, and to impose such restrictions and conditions upon those having contracts with the State as public policy may demand, although such restrictions, conditions or changes may require the observance of new forms by the public officers or by the party to the contract. The exercise of such power is, in effect, the same as that which may be exercised in respect of remedies for the enforcement of contracts, which, within the limitation that the right itself shall not be impaired, is to be regarded as

within the legislative control. Cooley's Const. Lim. (5th ed.) 350, 443, and cases cited.

A law which would deprive the party of all legal remedy, or impose impossible conditions to the assertion of his right, would necessarily be void. The power of the legislature over the subject under consideration is necessarily subject to the limitation that every provision of substantial benefit in the contract must be preserved. No new condition could be imposed requiring the payment of additional consideration, or that would hinder or prevent the purchaser or his assigns from acquiring title, or extending the time of redemption. (*Gault's Appeal*, 33 Pa. St. 94; Cooley on Taxation, 369, par. 11.) But the change made by the legislature in no way interfered with the rights under the contract. The rights of the land owner are not enlarged, or those of the holder of the tax certificate diminished. He is required simply to comply with the new forms, to serve notice upon a party upon whom service was not before required by law, and ample time is given for compliance. By the observance of this formality his rights are preserved to him unimpaired. This in no way impairs the obligation of his contract. *State ex rel.* v. *Hundhauser*, 24 Wis. 196.

From what has been said, it is apparent that, in our opinion, the act of 1879 was applicable, and the holder of the certificate of purchase was required to give the notice therein prescribed, and make proof thereof as required by the 217th section of the Revenue act, and not having done so, the deed was properly held void.

The decree will therefore be affirmed.

*Decree affirmed.*