The State vs. Duff.

THE STATE, Appellant, vs. DUFF, Respondent.

*May 5 — June 3, 1891.*

*Highways: Abandoned plank roads: Construction of statutes.*

·Ch. 253, Laws of 1863,— providing that where a plank road or any portion thereof "shall have been abandoned" by the owners thereof neglecting to make repairs and collect tolls for the period of sixty days, such road or any portion thereof so abandoned shall be deemed a public highway,— applies to a plank road which had been abandoned before the act took effect.

APPEAL from the Circuit Court for *Waukesha* County. The case is sufficiently stated in the opinion. The plaintiff appeals from a judgment of nonsuit.

*D. S. Tullar*, for the appellant.

For the respondent the cause was submitted on the brief of *Ryan & Merton.*

· COLE, C. J. This is an action brought to recover the penalty given by secs. 1330, 1331, R. S., for the failure to remove a fence which, it is alleged, is an encroachment upon the public highway. Notice was given by the supervisors of the town requiring the defendant to remove the fence, which he refused to do. His defense is that there is no highway where the fence stands; consequently that there is no encroachment. Is he right in this contention?

It appears that in 1848 the territorial legislature incor-

porated the Milwaukee & Janesville Plank Road Company, with authority to locate and construct a plank road from some eligible point in the city of Milwaukee, by the way of Big Bend on Fox river, to some point in the town or village of Janesville. Terr. Laws of 1848, p. 88. Under this statute a plank road was located and built over the premises in question, but in 1855 the plank road company abandoned that portion of its road west of Fox river, including the *locus in quo*. A few years afterwards the defendant built his fence within what is claimed to be the limits of the highway, and in 1888 notice was given him to remove the fence, which, it is insisted, constitutes an encroachment at two different points in the highway.

The trial court, on the close of the plaintiff's case, granted a nonsuit, doubtless on the ground that it did not appear that there was any public highway where the fence stood. This view, we think, was erroneous. Ch. 253, Laws of 1863, in substance provides that where a plank road or any portion thereof shall have been abandoned by the owner or owners thereof neglecting to make repairs and collect tolls upon the same for the period of sixty days, such road or any portion thereof so abandoned shall be deemed a public highway, and the supervisors of any town in which such road or any portion thereof may be situated shall, immediately after such abandonment as aforesaid, cause the same to be put and kept in repair. It does not very clearly appear what control the town authorities exercised over the particular piece of road after its abandonment by the plank road company, but we infer from the record or the facts stated in it that it continued to be used by the public as a highway. At all events, it is clear to our minds that the effect of the law of 1863 was to make the abandoned portion a public highway, and impose upon the town in which it was situated the duty of keeping it in repair for public use. This, it seems to us, is very manifest from the statute.

The State vs. Duff.

It is, however, argued that, as the plank road company had abandoned this portion of its road before the law of 1863 took effect, the case did not come within its purview; in other words, that the language used in the act shows that it was intended to be prospective in its operation, and was not intended to apply to a past case of abandonment. It is true the language of the act is, in effect, that, whenever any portion of a plank road " *shall have been abandoned*," using the future tense of the verb; but still we think the statute was intended to apply to a past abandonment as well as to a future one. This construction was given to similar language in *Klaus v. Green Bay*, 34 Wis. 628, and we think it is the construction that should be given the language here. It is said by Dixon, C. J., in *State v. Atwood*, 11 Wis. 423, that " it is a well-settled rule of construction that statutes are not to be construed retrospectively, or to have a retroactive effect, unless it shall clearly appear that it was so intended by the legislature, and not even then if such construction would impair vested or constitutional rights." But it cannot with any success be claimed on the facts presented on the record that the law of 1863 was within the rule as qualified by the chief justice, or would impair any vested or constitutional right of the defendant when it took effect; and, as we think the intention of the legislature was that it should apply to a case where the abandonment had already occurred, it must have that construction here. This construction conforms to the rule prescribed in sec. 4972, R. S., where it is declared that the words " shall have been " shall include past and future cases. See, also, *Plum v. Fond du Lac*, 51 Wis. 393. We must therefore hold that the law of 1863 applied to a case like the one before us, where the road had been abandoned before it took effect, and made the abandoned portion a public highway.

The question whether the defendant has acquired the

right to maintain a fence by adverse possession is not properly before us on the record, and we therefore express no opinion upon it. We think the nonsuit was wrong, and the judgment of the circuit court is therefore reversed, and the cause is remanded for a new trial.

*By the Court* — Ordered accordingly.