PHELAN, Respondent, v. MORRIS, Sheriff, Appellant.

(142 N. W. 470.)

**Mortgages—Foreclosure—Time for Redemption—Notice to Redeem— "Time Provided by Law."**

Laws 1909, ch. 78, providing for service of notice that sheriff's deed will issue and that right of redemption will expire and deed for the mortgaged land be made "unless redeemed within the time provided by law," does not relate to or extend time for redemption; said term relating to the old or prior law then in force; hence, although the sixty says' notice was given within less than 60 days before the expiration of one year from date of foreclosure sale, the mortgagor did not have the whole 60 days in which to redeem, but it would preclude purchaser from obtaining sheriff's deed before expiration of the 60 days.

(Opinion filed July 11, 1913.)

Appeal from Circuit Court, Hand County. Hon. JOHN F. HUGHES, Judge.

Mandamus by J. Phelan against J. J. Morris, as sheriff, to compel issuance of a redemption certificate on a mortgage foreclosure. From a judgment for plaintiff on demurrer to the pe-

tition, defendant appeals.  Reversed, with direction to enter an order sustaining the demurrer.

*Hall, Alexander & Purdy,* for Appellant.

Mortgagor cannot redeem after expiration of one year from date for foreclosure sale.  Secs. 640, 648, 376, 379, Code Civ. Proc.

A person seeking to redeem from a mortgage sale must perform the acts required to constitute such redemption, within the time prescribed by the statute.  Speckman v. Gross, 126 N. W. 389; Lynch v. Burt, 67 C. C. A. 305.

When once foreclosure purchaser's right to a deed has become fixed, delay in asserting it and in procuring its execution will not prejudice him.  27 Cyc. 1745; Moody v. Young, 38 Ia. 102 (Ore.) Smith v. Austin, 9 Mich. 465.

The amendment in Chap. 78, Laws 1909, should be confined to the subject of the original act it is intended to affect.  2 Lewis' Sutherland Statutory Construction, p. 673, section 352.

*Harlan J. Bushfield,* for Respondent.

Chapter 78, Laws of 1909, changed the redemption laws of this state, in that it requires certain notice to be given to mortgagors, that the time of redemption will expire upon a certain date, unless the premises are redeemed as provided by law.  Secs. 646, 375, 377, Code Civ. Proc., Ch. 23, Laws 1909.

The Legislature first created the right to redeem, it then set certain limitations upon the time within which a redemption could be made, fixing one year as the period of redemption.  Its next step was to permit that time to be extended one year more by the payment of certain interest and taxes by the redemptioner; it then extended the period of redemption indefinitely, limited only by the number of successive redemptioners there happened to be in the case, the period of redemption being extended sixty days after the last preceding redemptioner had redeemed; and in 1909 the Legislature once more made certain alterations in the redemption law of this state.  The only theory upon which the appellant's contention could be correct would be in case the holder of the sheriff's certificate of sale, exactly sixty days prior to one year from the date of sale, gave the notice described in chapter 78, thus making the sixty day period for giving notice expire upon the last day of the year of redemption under the old law.

McCOY, J.   Real estate mortgage foreclosure sale was made May 27, 1911, under a mortgage given by one Phelan and wife, as mortgagors, to one Carlisle, as mortgagee, and at which sale one Smith became purchaser.   No redemption of any kind or character was made, or attempted to be made, within one year after the making of such sale.   On the 1st day of May, 1912, said purchaser caused a notice to be given to said mortgagors and to plaintiff that the day of redemption would expire and a deed would issue, unless said premises were redeemed according to law, as provided by chapter 78, Laws of 1909.   On the 24th day of June, 1912, 28 days after the expiration of the one year for redemption, plaintiff, claiming to be a part owner of the mortgaged premises, attempted to redeem from such sale by serving notice of redemption upon the sheriff, and paid to said sheriff the amount of money necessary to make such redemption, but said sheriff refused to issue a certificate of redemption to plaintiff. Plaintiff thereupon instituted this proceeding in mandamus to compel the issuance of said redemption certificate, and set up the foregoing facts in his petition therefor.   To this petition defendant demurred, on the ground, among others, that it failed to state facts sufficient to justify the issuance of a peremptory writ.   It is the contention of respondent that the effect of the provisions of chapter 78, Laws of 1909, is to extend and enlarge the year of redemption whenever the 60 days' notice provided for is given within less than 60 days before the expiration of one year from the date of sale; that any one entitled to redeem would have the whole of the 60 days' notice period in which to make redemption, even though it extended beyond the one year from date of sale.   We are of the opinion that the contention is not tenable.   As we view the provisions thereof, said chapter 78 in no manner whatsoever undertakes to, or does in fact, affect the law in relation to the time in which redemption from real estate mortgage sales may be made; that its provisions relate solely to other subjects than the *time* for redemption.   The provisions of this chapter relate only to the issuance of a sheriff's deed on foreclosure sale, and a notice to be given preceding the issuance of such deed.   The issuance of a sheriff's deed is one thing, and the expiration of the time for redemption is another.   The specific provision of chapter 78 under consideration is "that at least

sixty days prior to the issuance of such deed a notice in writing be served, * * * stating * * * that the right of redemption will expire and a deed for said land be made unless redeemed within the time provided by law." There is nothing in this language which could, by any reasonable possibility, be construed into an intention to extend or enlarge the time for redemption under the law as it theretofore existed. *"Unless redeemed within the time provided by law"* clearly relates to the old or prior law then in force. The only notice authorized to be given by this chapter is that, unless redemption be made according to law, a sheriff's deed will be issued at the expiration of 60 days. A sheriff's deed on foreclosure sale is always issued after the time for redemption has expired, never before. Such sheriff's deed is just as valid if issued 60 days after the expiration of the time for redemption as if issued one day thereafter. If this chapter contained the provision, or required the notice to contain a statement, that if redemption was not made within 60 days from the service of such notice, then a deed would be issued, then there might be some basis for such a contention, but no such provision appears in this statute. Whenever the written notice provided for is given within or less than 60 days of the expiration of the one year for redemption, it will in no manner lengthen or enlarge the time for redemption, but it would preclude the purchaser from obtaining a sheriff's deed before the expiration of the 60 days.

The view we have taken of this case renders it unnecessary to pass upon any of the other questions discussed in the briefs.

The order appealed from is reversed, with direction to the lower court to enter an order sustaining said demurrer.