CLARK IMPLEMENT COMPANY, Appellant, v. WADDEN et al., Respondents.

(149 N. W. 424.)

1. **Constitutional Law—Retroactive Statute—Notice of Foreclosure Deed—"Retrospective Law."**

    Laws 1909, Ch. 78, amending Code Civ. Proc., Sec. 648, so as to require purchaser at foreclosure sale to give notice to those entitled to redeem before taking out his deed, applies to a sale made before the amendment took effect, and where there was ample time after it took effect to give such notice before issuance of deed; such construction does not make the amendatory law retrospective, since the vested right on one side is the right to a deed at end of the year if no redemption is made, and, on the other side, the right to redeem within the statutory period, and neither of these rights is impaired by said amendment.

2. **Same—Obligation of Contracts—Notice of Foreclosure Deed—Burden of Costs.**

    Nor does such application of the amendatory law impair the obligation of a contract, since the purchaser at foreclosure sale may still secure his deed at the same time as though the amendatory act had not gone into effect; while the cost of giving the notice must be paid by the redemptioner.

3. **Same—Statutes—Obligation of Contracts—Construction Favoring Constitutionality—Non-application of, to Particular Cases.**

    The fact that the application of the amendment to a case

where the requirement to give such notice would postpone the time for issuance of deed would impair the obligation of a contract, does not render the act invalid, since the courts will, in favor of its constitutionality, construe it as being non-applicable to such a case.

(Opinion filed November 24, 1914.    Rehearing pending.)

Appeal from Circuit Court, Buffalo County.    Hon. FRANK B. SMITH, Judge.

Action by the Clark Implement Company against Mary J. Wadden and another, for leave to redeem from a mortgage fore-closure sale by advertisement, as a subsequent incumbrancer. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals.    Reversed, with instructions to enter judgment for plaintiff.

For opinion on former appeal, see 29 S. D. 195.

*Woerth & Carlson,* for Appellant.

*Spangler & Haney,* and *James Brown,* for Respondents.

(1) Under point one of the opinion, Respondents cited:

Blackmore v. Cooper, 106 N. W. 560; Wheeler v. County, 15 N. W. 375; Merrill v. Doering, 21 N. W. 721; Howard v. Bugbee, 16 L. Ed. (U. S.) 753; Hooker v. Burr, 48 L. Ed. (U. S.) 1046; Pinny v. Pinny, 4 L. R. A. 384.

(2) Under point two of the opinion, Appellant submitted that: The completion of the mortgage foreclosure sale was at-tempted nine months after Chapter 78, Laws 1909, went into ef-fect, and the procedure attending such attempted completion was governed by said chapter.    When it comes to the enforcement of a mortgage lien the question is one of remedies.    And cited:

State of Minnesota ex rel. National Bond and Security Com-pany v. Edward G. Krahmer, Auditor of Ramsey County (Minn.) 21 L. R. A. (N. S.) 161; Curtis v. Whitney, 13 Wall. 68, 20 L. Ed. 513; Archambau v. Green, 21 Minn. 520; Oullahan v. Sweeney, 79 Cal. 537, 12 Am. St. Rep. 172, 21 Pac. 960; Ameri-can Investment Co. v. Thayer, County Treasurer, 7 S. D. 72; Wheeler v. Jackson, 137 U. S. 245, 34 L. Ed. 659, 11 Sup. Ct. Rep. 76.

Respondents cited:

Seibert v. United States, 30 L. Ed. 1161; Code Civ. Proc. Sec. 648; Clark Implement Co. v. Mary J. Wadden et al., 29

S. D. 195; State v. Flypaa, 3 S. D. 586; Hollister v. Donahue, 11 S. D. 497; Branson v. Kinzie, 42 U. S. 1 Haw. 311; Seibert v. U. S., 30 L. Ed. 1161; Green v. Biddle, 8 Wheat. 84 (U. S.); Louisiana v. New Orleans, 102 U. S. 203; Seibert v. Lewis, 122 U. S. 284, 7 Sup. Ct. 1190.

WHITING, J.    Under section 648, C. C. P., as the same read prior to its amendment in the year 1909, after land had been sold upon foreclosure of a real estate mortgage, the holder of the certificate of sale was entitled to a deed, from the sheriff or other officer appointed by the court, at the expiration of one year from the time of sale, in case there had been no redemption, and such purchaser was not required, as a prerequisite to the taking out of such deed, to give any notice of the expiration of the period of redemption or of his intention to take out such deed.    By chapter 78, Laws 1909, said section 648 was amended and, as amended, it provides that the purchaser upon foreclosure sale must, before he is entitled to the deed, give notice to certain parties entitled to redeem from said foreclosure sale, advising them that their right of redemption will expire and a deed be taken, unless the said land be redeemed from said foreclosure sale within the time provided by law.    One of the respondents held a certificate of sale upon foreclosure at the time this amendment went into effect, but the period for redemption from such sale did not expire for several months thereafter, and there remained ample time, before the expiration of such period, within which the notice provided for might have been given.    Said respondent neglected to give the notice thus provided for, but nevertheless took out the deed.    The sole question before us is the validity of such deed as against the appellant, which, as a subsequent mortgagee, is still entitled to redeem from such foreclosure sale, provided such notice should have been given.    It is conceded that this amendment controls as to all foreclosures commenced subsequent to the time when such amendment went into effect.    This court has determined that such amendment does not extend the period for redemption—that the notice therein provided can be given prior to the expiration of the statutory period for redemption, so that a purchaser can procure a deed under the amended law as soon as under the original law. Phelan v. Morris, 32 S. D. 174, 142 N. W. 470.

[1] Respondents contend that the amendment of 1909 did not affect this foreclosure for two reasons: First, because, in order to affect such foreclosure, such amendment would have to be held retroactive in its effect, and that the amendment is not retrospective in its terms, and therefore should not be construed as retroactive; second, because, to apply the provisions of this amendment to the facts of this case would result in the impairment of vested contractual rights. Appellant seems to have assumed that no question is involved herein except the question of whether or not the application of the provisions of such amendment would impair any contractual rights vested in respondents, and it contends that it would not impair any such rights. We are of the opinion: (1) That to hold this amendment as applying to a sale already held is not to render such statute retroactive in its effect; (2) that applying the provisions of such amendment to the facts of this case does not result in any impairment of the obligations of any contract to which respondents or either of them was a party.

As we look at it, the first question before us is: What are the essential elements of a retrospective law, and are those elements to be found in the statute in question? In other words: What is a proper definition of a retrospective law, and does the statute before us conform to such definition? Among such definitions, which have been approved by courts and law writers, are the following:

"Upon principle every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past, must be deemed retrospective." Sturges v. Carter, 114 U. S. 511, 5 Sup. Ct. 1014, 29 L. Ed. 240.

"A retrospective law is one which changes, or injuriously affects a present right by going behind it and giving efficacy to anterior circumstances to defeat it, which they had not when the, right accrued." Poole v. Fleeger, 11 Pet. (36 U. S.) 185, 9 L. Ed. 680.

"A retrospective law is one that relates back to, and gives to a previous transaction some different legal effect from that which it had under the law when it transpired." State v. Whittlesey, 17 Wash. 447, 50 Pac. 119.

In Chicago, etc., R. R. Co. v. State, 47 Neb. 549, 66 N. W. 624, 41 L. R. A. 481, 53 Am. St. Rep. 557, it is said that:

"A statute does not operate retroactively from the mere fact that it relates to antecedent events. A retrospective law has been defined as one intended to affect transactions which occurred, or rights which accrued, before it became operative as such, and which ascribes to them effects not inherent in their nature, in view of the law in force at the time of their occurrence. Bishop on . Written Laws, § 83; Black on Interpretation of Laws, 247."

In Potter's Dwarris on Statutes, at page 165, the author in speaking of retrospective laws says:

"Such laws, when they are only such, look not upon the future, but upon the past; or, in other words, pronounce judgment upon acts done antecedent to their adoption, and in this respect assume a judicial power, as contradistinguished from what is strictly legislative power. They assume to give character to facts, which they did not possess at the time they took place, and then to judge of them in the new character thus legislatively created by them; to settle, in some instances, old rights depending on laws as they existed before the act was passed, by new principles created and applied by the retrospective act having no existence antecedent to the time of its passage, which then, and not till then, sprang into being."

Examined in the light of the above, we think it clear that, to apply the provisions of the amendment of 1909 to a sale theretofore held does not render such law retroactive in its effects. The vested right on the one side is the right to a deed at the end of a year provided no redemption is made; the vested right, upon the other side, is the right to redeem from the sale within the period fixed for redemption. The provisions of the amendment do not impair either of these rights; but the amendment provides a means through which one of these rights is safeguarded. The amendment neither "imposes a new duty," nor "attaches a new disability in respect to transactions or considerations *already past*" but simply imposes a new duty in respect to a *present and future right*. In this amendment cannot be found a single one of the elements necessary to make it retrospective in its terms.

The case of Gage v. Stewart, 127 Ill. 207, 19 N. E. 702, 11 Am. St. Rep. 116, was "on all fours" with this case both as re-

gards the facts and the statute under consideration. The court in that case said:

"The amended act applied to all steps to be taken after it went into effect, and which could be performed according to its requirements. Nor does this construction give the act a retrospective operation, as seems to be supposed. The rule undoubtedly is that a retrospective effect will not be given to the statute unless the legislative intent that it shall so operate is clearly manifested. But no such effect is sought to be given this statute. The Legislature, for the better protection of those having the right of redemption, required that notice be served upon the owner, if to be found in the county, at least three months before the expiration of redemption. No other change affecting the right of the purchaser or holder of the certificate of purchase is wrought by this amendment. It in no way affects or applies to the sale, or any of the precedent steps in the proceeding, lawful under the former statute, but relates exclusively to acts to be performed by the purchaser, or his assignee, subsequent to its taking effect, and by the performance of which his inchoate right in the land, under his certificate of purchase, might ripen into a title. These requirements—of giving notice of the sale, when redemption will expire, and making proof thereof to the clerk—are in the nature of remedies to be pursued by the purchaser or holder of the certificate of purchase to mature and perfect his title to the land under the tax sale. As to all these acts, which could be performed by the purchaser, or his assignee, after the statute became in force, it would necessarily operate prospectively: Bac. Abr., Statute 9."

[2] The amendment is not retrospective in its terms; neither do we believe that the provisions thereof have the effect of impairing the obligations of any contract—thus rendering it invalid under the federal Constitution. State courts should concededly follow the federal courts when considering the federal Constitution. In the case of Curtis v. Whitney, 13 Wall. (80 U. S.) 68, 20 L. Ed. 513—one also "on all fours" with this case, so far as the question of the constitutionality of the law in question was concerned—the court said:

"Nor does every statute which affects the value of a contract impair its obligation. It is one of the contingencies, to which parties look now in making a large class of contracts, that they

may be affected in many ways by state and national legislation. For such legislation, demanded by the public good, however it may retroact on contracts previously made, and enhance the cost and difficulty of performance, or diminish the value of such performance to the other party, there is no restraint in the federal Constitution, so long as the obligation of performance remains in full force. In the case before us the right of plaintiff to receive her deed is not taken away, nor the time when she would be entitled to it postponed. While she had a right to receive either her money or her deed at the end of three years, the owner of the land had a right to pay the money and thus prevent a conveyance. These were the coincident rights of the parties growing out of the contract by which the land was sold for taxes. The Legislature, by way of giving efficacy to the right of redemption, passed a law which was just, easy to be complied with, and necessary to secure in many cases the exercise of this right. Can this be said to impair the obligation of plaintiff's contract, because it required her to give such notice as would enable the other party to exercise his rights under the contract? How does such a requirement lessen the binding efficacy of plaintiff's contract? The right to the money or the land remains, and can be enforced whenever the party gives the requisite legal notice. The authority of the Legislature to frame rules by which the right of redemption may be rendered effectual cannot be questioned, and among the most appropriate and least burdensome of these is the notice required by statute."

The federal court calls attention, in the above case, to the fact that, in case of redemption, the redemptioner must pay the costs of the notice—a thing which the amendment before us provided for.

[3] We do not want to be understood as holding such amendment controlling in a case where, when it took effect, a purchaser was already entitled to his deed but had not taken it, or where, when such enactment took effect, there remained, before the purchaser was entitled to his deed, less than the time requisite for giving of the notice provided for. In such a case, to enforce the provisions of such statute would clearly impair the obligations of the contract. State ex rel. Waldo v. Fylpaa County Treas., 3 S. D. 586, 54 N. W. 599. But the mere fact that there

might be a case where to apply the provisions of this enactment would result in the impairment of the obligations of a contract does not render the enactment unconstitutional, but merely prevents its application in such a case. Gage v. Stewart, supra. Under the familiar rule that courts should so construe statutes as to render them constitutional, courts would hold that it was not the intention of the lawmakers that, in its workings, this amendment should impair the obligation of contracts, and such courts would therefore hold that the lawmakers did not intend it should apply in a case where, when the amendment went into effect, its provisions could not be applied without extending the time when the purchaser was entitled to his deed.

The trial court held the deed, taken by respondent, valid as against appellant's right of redemption. For the reasons above stated, the court was in error in so holding. The judgment of the trial court is reversed, and such court is ordered to enter judgment in favor of plaintiff in conformity with the views herein expressed.