## BALDWIN v. CITY OF ABERDEEN.

The rule that a demurrer searches the whole record has no application as against the complaint on a demurrer to a defense of the answer, the answer having also pleaded the general denial, as this would allow the defendant to do indirectly, what he cannot do directly, plead the general denial and demur generally at the same time.

Laws 1907, p. 138, c. 90, prohibiting an action against a city for personal injuries from its negligence unless notice of time, place, and cause be given it within 60 days after the injury, is not retrospective, and so does not apply to an accident after the statute was approved, but before it went into effect.

(Opinion filed, October 8, 1909.)

Appeal from Circuit Court Brown County. Hon. J. H. McCoy, Judge.

Action by Eliza Baldwin against the City of Aberdeen. From an order on demurrer, defendant appeals. Affirmed.

*Taubman, Williamson & Herreid,* for appellant. *Amos N. Goodman,* for respondent.

WHITING, J. This is an action instituted by the plaintiff and respondent to recover from the defendant and appellant damages which the plaintiff claims to have suffered owing to the negligence of the defendant in maintenance and care of its streets. The complaint sets forth the defective condition of the street; the fact that plaintiff fell owing to the defective condition of such street, and that she sustained injury as the result of such fall. The defendant, answering, for the first defense interposed a general denial, and for the second defense alleged that plaintiff had not given to the city through its auditor any written notice of the time, place, and cause of the alleged injuries, and that such auditor or clerk had received no written or verbal notice of any kind of the time, place, or cause of such injury. The plaintiff interposed a demurrer to the second defense contained in such answer alleging as grounds of said demurrer that said second defense does not set forth facts sufficient to constitute a defense in this action. At the time of the hearing on demurrer, the defendant objected to further proceedings in said action for the reason that the facts stated in the complaint did not constitute a cause of action against the defendant, and specified some six alleged defects in said complaint. Upon the hearing of such demurrer and objections, the objections were overruled and the demurrer sustained; and it is from such order overruling such objections and sustaining the demurrer that

this appeal is taken.   Appellant alleges three errors as follows: First, that the court erred in sustaining the demurrer of plaintiff to the second defense contained in its answer; second, the court erred in overruling the objections made by the defendant at the time of argument of such demurrer for the reasons stated in said objections; third, the court erred in holding that the complaint of the defendant stated facts sufficient to constitute a cause of action against the defendant.   That there may be no misunderstanding of the record we would state that the court in making its order simply sustained the demurrer to the second defense and overruled the objections interposed, but did not in any manner hold or state that the complaint stated facts sufficient to constitute a cause of action against the defendant.

The complaint alleges that the injury complained of was received on the 1st day of June, 1907, and the summons herein was issued July 1, 1907.   From the above it will be noticed that the defendant did not directly demur to the complaint, but it is its contention on appeal that under the well-established rule of practice to the effect, that a demurrer searches the whole record, its objections became virtually a motion to the court asking the court to set aside the complaint on the demurrer to the said second defense in answer, or, in other words, that the court was bound to consider the complaint as demurred to.   While we doubt the correctness of appellant's contention, and do not think the interposing of the objections was the equivalent to moving the trial court to treat the complaint as demurred to, yet, for the purposes of this appeal, we will consider the case the same as if the defendant had by direct motion or petition asked the court to apply the rule above stated, to the effect that a demurrer does search the whole record. This then leaves two questions for consideration:

First.   Under the conditions of the pleadings in this case, could the rule that a demurrer searches the whole record apply to the complaint herein?   If the above should be answered in the negative, then was the demurrer to the second defense properly sustained?   A person answering a complaint, if the answer is a general denial, admits for the purposes of the trial that the facts pleaded in the complaint state a good cause of action.   9 Ency. Pleading & Practice, 882.   On the other hand, if the defendant demurs to such complaint for the purpose of the demurrer, he admits the facts to be as alleged in complaint, but contends that they

are not sufficient to show cause of action. It will thus be seen that a general denial and a demurrer are absolutely inconsistent the one with the other, and for that reason, both under the common law and the Codes in practically all of the states, it is held that a person cannot interpose to the same cause of action both a general denial and a demurrer, unless perhaps in those cases where the allegations of the complaint purporting to state the cause of action are divisable in their nature. 31 Cyc. 310; 6 Ency. of Pleading and Practice, 382; 9 Ency. of Pleading and Practice, 882; Baylies' Code of Pleading and Forms, 203. Applying the above rule in this case, it will be seen that the defendant could not have pleaded its first defense and joined with it a general demurrer. Could it indirectly do what it could not do directly? Undoubtedly appellant in the trial court could have asked leave to withdraw its answer and have interposed a demurrer, but such action was not taken, and this general denial stood as a part of the answer at the time of the hearing on demurrer to the other part of the answer. The courts uniformly hold that one cannot indirectly demur where it could not directly and that for that reason the rule that a demurrer searches the whole record has no application as against a pleading to which a general denial has been interposed. 31 Cyc. p. 342; 6 Ency. of Pleading and Practice 332; Baylies' Code Pleadings and Forms, 287; Wheeler v. Curtis et al., 11 Wend. 660. The court in Wheeler v. Curtis says: "Whether the first count in the declaration is defective or not is a question that cannot be raised upon this demurrer. The defendants have pleaded the general issue to the whole declaration and to permit them on a demurrer to the replication to go back and object to the declaration would be allowing the defendants to do indirectly what they could not do directly to wit, plead and demur to the same count. 5 Bac. Pl. & Pr. 457 note. They cannot override the general issue and have the benefit of a demurrer in this way under the rule that a party may go back, and take advantage of the first fault in pleading for the operation and effect would be the same as if a general demurrer had been put into the defective pleading." It is therefore clear that the defendant was in no position to question the sufficiency of the complaint.

This brings us to the question of whether or not the second defense interposed was good as against the demurrer. Chapter 90, p. 138, Laws 1907, which was approved March 7, 1907, and went

into effect on July 1, 1907, provides that: "No action for the re-
covery of damages for injury or death against any city or incor-
porated town, on account of its negligence, shall be maintained un-
less written notice of the time, place and cause of injury is given
to the clerk of the city or incorporated town by the person injured,
his or her agent or attorney, within 60 days after the injury. * * *"
It is the appellant's contention that this statute applies to the case
at bar, while it is the contention of the respondent that this statute
applies only to causes of action accruing after July 1, 1907. We
do not pass upon the question of whether answer or demurrer was
the proper method to raise this defense, but treat it as though it
could be raised by answer, as was attempted here. Cooley in his
work on Constitutional Limitations (7th Ed.) says at page 529:
"It is a sound rule of construction that a statute should have a
prospective operation only unless its terms show clearly a legis-
lative intention that it shall operate retrospectively." In the case
of Price v. Hopkin 13 Mich. 318, in construing a statute affecting
a question of limitation of time for bringing actions, which statute,
if applied to the case then before the court, would absolutely take
from the plaintiff any right of action, the court holds that such
statute could not be applied to such case; and it having been con-
tended in that case that inasmuch as the statute in question was
passed in March, and was ordered to take effect on the 1st of the
next January, the people had notice during such intervening time
that such statute would go into effect on such date, and that such
notice being a reasonable one, and giving the plaintiff a reasonable
time to commence action, the statute should be sustained as retro-
active. The court, by Justice Cooley, after referring to two au-
thorities which apparently supported this position, calls attention
to the Constitution of Michigan, which provides that no public
act shall take effect or be in force until the expiration of 90 days
from the end of the session, unless the Legislature shall otherwise
direct, states that the idea embodied in such Constitution is not that
the passage of a law is notice, but that 90 days from the end of
the session is required to bring knowledge of the law to the public
at large, and that such notice cannot be held complete until the
period allowed has expired; and it was, moreover, held in that
case that the extra time allowed for the act in question therein to
take effect was owing to the importance of the matter and the
need of giving the people more time to familiarize themselves there-

with and the learned justice held that to make the act operative as notice from the time of its passage would be a violation of the constitutional provision quoted. The above constitutional provision is very similar to the provision found in our Constitution, to wit, that a law shall not go into effect until 90 days after the adjournment of the session at which it is passed, unless in case of an emergency the Legislature by a two-thirds vote shall otherwise direct. Applying the rule laid down in the Michigan case to the case at bar, we find that the plaintiff did not have complete notice of the passage of the act in question until the very day this action was brought. Therefore, under the rule, and for the reasons laid down in the above Michigan case, it could not well be holden that this law was retroactive. It is entirely different from that class of legislation so often seen wherein some provision is made requiring notice before an act can be done, but which law, while specifically providing that it shall apply not only to matters in the future but also to cases then existing, further provides for a reasonable notice in cases then existing. In direct line with the Michigan case is the case of Gilbert v. Ackerman, 159 N. Y. 118, 53 N. E. 753, 45 L. R. A. 118, which cites the Michigan case with approval, and holds, as was held in that case, that a statute which attempts to shorten the period for bringing an action without providing a reasonable time for bringing it after the statute takes effect is unconstitutional.

We are therefore firmly convinced, both because laws should be construed as prospective unless clearly retrospective and also because to hold the law now before us as retrospective would render it unconstitutional, that the statute in question should be held prospective only, and have no application to the case at bar. In support of this position we cite City of Richmond v. Supervisors, etc., 83 Va. 204, 2 S. E. 26; People v. O'Brien, 111 N. Y. 1, 18 N. E. 692, 2 L. R. A. 255; Murdock v. Insurance Co., 33 W. Va. 407, 10 S. E. 777, 7 L. R. A. 572; Stewart v. Vandervort, 34 W. Va. 524, 12 S. E. 736, 12 L. R. A. 50. The lower court committed no error in sustaining plaintiff's demurrer to the said second defense pleaded in said answer

The order of the trial court appealed from is affirmed.

McCOY, J., taking no part in the decision.