## DAKOTA CENTRAL TELEPHONE COMPANY, Appellant, v. MITCHELL POWER COMPANY, Respondent.

### (188 N. W. 750.)

(File No. 5052.    Opinion filed June 5, 1922.    Rehearing denied August 5, 1922.)

**Master and Servant—Workmen's Compensation Law—Damages for Killing Plaintiff's Employe—New Statutory Remedy After Injury Committed, Not Increasing Liability, Whether Applicable—Rule Stated.**

A complaint based upon Workmen's Compensation Law (Code 1919, Secs. 9436-9491) alleging that plaintiff's employe while in discharge of his duties was killed by electric current caused by negligent construction of defendant's power line across plaintiff's lines, that plaintiff and employe were operating under said law, that a claim for compensation was made and an award of $3010 granted under said law to widow and child of employe, for which plaintiff is liable, and that plaintiff sues for its own benefit and for that of the personal representatives of deceased under Chap. 416, Laws 1921, claiming $25,000 damages, was erroneously held inadequate on demurrer by trial court; so held, where prior to said enactment, Sec. 9446 provided in effect that for an injury for which compensation is payable under said article and which shall have been sustained under circumstances which created in some other person than the employe a legal liability to pay damages therefor, the injured employe may either claim compensation or proceed at law against such other person to recover damages, or may proceed against both the employer and such other person but shall not collect from both, and that if compensation is awarded under said article, employer having paid compensation or having become liable therefor, may collect in his own name or that of the injured employe, **from the other person against whom legal liability for damages exists the indemnity paid or payable to injured employe;** and said chapter, reading the same down to the above black face, concludes with an alternative provision empowering injured employe's personal representative to collect from such other person "the amount of such liability and shall hold for the benefit of the injured employe or his personal representative, if deceased, the amount of damages collected in excess of the amount of compensation paid such employe or his representative, plus the necessary and reasonable expense of collecting the same;" the sole question presented being whether said amendatory law applies to this action; the injury having been committed and death having resulted before enactment of the amendatory law; that the sole change effected by the amendment is that for the excess portion of the liability beyond

amount of the award, the action may be maintained by employer as trustee for the injured person or his personal representative; that no new or greater liability against the third person was thereby created; the change in the statute being merely one of remedy and not a change of liability; that the rule obtains that when a new statute deals with procedure only, prima facie it applies to all actions—those accruing or pending and future actions; that a statute furnishing a new remedy but not impairing or affecting any contractual obligations nor disturbing vested rights, is applicable to proceedings begun after its passage though relating to acts done previously thereto.

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by the Dakota Central Telephone Company, a corporation, against the Mitchell Power Company, a corporation, to recover damages for negligent killing of plaintiff's employe by an electric current. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

*H. G. Giddings,* and *Null & Royhl,* for Appellant.

*Spangler & Wire,* for Respondent.

Appellant cited: State v. Bunker, 7 S. D. 639; State v. Hughes, 8 S. D. 338; Berry v. Kansas City R. R. Co., 52 Kas. 759.

Respondent cited: Secs. 9440, 9446, R. C.; Laws 1921, Ch. 416; 44 L. R. A. (N. S.) 841.

GATES, P. J. Appeal from an order sustaining a demurrer to the complaint. The salient facts disclosed by the complaint are that plaintiff's employe, Weber, while in the discharge of his duties on June 16, 1921, was instantly killed by an electric current caused by the negligent construction of defendant's power line over and across the telephone lines of plaintiff; that plaintiff and its said employe were operating under the Workmen's Compensation Law (Rev. Code 1919, §§ 9436-9491); that a claim for compensation was made, and an award of $3,010 granted, under said law to the widow and child of said employe, for which plaintiff is liable; that plaintiff brings this action for its own benefit and for the benefit of the personal representative of deceased, under the provisions of chapter 416, Laws 1921, claiming $25,000 damages.

Prior to the enactment of that chapter, section 9446, Rev. Code 1919, read as follows:

"Whenever an injury for which compensation is payable under this article shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employe may at his option either claim compensation or proceed at law against such other person to recover damages or proceed against both the employer and such other person, but he shall not collect from both; and if compensation is awarded under this article, the employer having paid the compensation, or having become liable therefor, may collect in his own name or that of the injured employe, *from the other person against whom legal liability for damages exists, the indemnity paid or payable to the injured employe.*"

Chapter 416, Laws 1921, reads the same down to the above italics, and concludes as follows:

"Or his personal representative, if deceased, from the other person against whom legal liability for damage exists the amount of such liability and shall hold for the benefit of the injured employe or his personal representative, if deceased, the amount of damages collected in excess of the amount of compensation paid such employe or his representative, plus the necessary and reasonable expense of collecting the same."

This act did not take effect until July 1, 1921, or 15 days after the death of Weber. This action was not begun until September, 1921, and the sole question presented is whether said chapter 416 applies to this action. We are of the opinion that it does.

Before the amendment a cause of action existed against the third person. The same cause of action, viz. a cause of action for negligence, still exists since the amendment. Before the amendment the action could have been brought against the third person by the injured person or his personal representative, and, in case of an award, by the employer, to recover the amount of the award. Now, in addition thereto, the employer may bring an action to recover the amount of the award for his own benefit, and to recover the excess damages for the benefit of the injured person or his personal representative. The only change is that, for the excess portion of the liability beyond the amount of the award, the action may be maintained by the employer as trustee for the injured person or his personal representative.. No new or

greater liability on the part of the third person is created by the amendment. No new or greater recovery is given to the injured person or his personal representative. The third person is not prejudiced by the fact that now the action may be brought in the name of the employer to recover in one action the whole amount of the liability arising from the third person's negligence. Under the law as it existed prior to the amendment, and as it now exists, the amount of the third person's liability can only be collected once. The change in the statute is merely one of remedy, and not a change of liability. State v. Bunker, 7 S. D. 639, 65 N. W. 33; Berry v. K. C. R. R. Co., 52 Kan. 759, 34 Pac. 805, 39 Am. St. Rep. 371; In re Farmers' Co-op. Co. (D. C.) 202 Fed. 1008.

In 25 R. C. L. 791, we find the following well-recognized exposition of the law:

"When a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending and future actions. * * * A statute which furnishes a new remedy, but does not impair or affect any contractual obligations, nor disturb any vested rights, is naturally applicable to proceedings begun after its passage, though relating to acts done previously thereto."

The order appealed from is reversed.