BAHLKOW, Respondent, v. PRESTON, et al, Appellants.

(244 N. W. 93.)

(File No. 7273.   Opinion filed August 30, 1932.)

*E. B. Harkin* and *F. W. Noll,* both of Aberdeen, for Appellants.

*Ryan, Sieh & Crane,* of Aberdeen, for Respondent.

WARREN, J. The claimant, Harry Bahlkow, was employed by Warnie Preston, defendant in this action, to assist in the operation of a corn shredder owned by the defendant Preston. While so engaged and during the course of his duties, he was injured by his hand being caught in the shredder, necessitating the amputation of his arm. Proceedings for compensation were brought under the Workmen's Compensation Laws of this State. By stipulation, the hearing was held before the industrial commissioner. From the award of the industrial commissioner in favor of the claimant, Bahlkow, an appeal was taken to the circuit court of Brown county, where a judgment was entered upon the award. Defendants appealed from the affirmance of the award of the industrial commissioner by the circuit court, and from the judgment entered by said circuit court thereon.

Defendant was the owner of a threshing outfit and also a corn-shredding outfit, each consisting of entirely separate and different machinery units. It was the defendant's custom, early in the fall, to go from farm to farm in the neighborhood to thresh for others. When the threshing season was completed, defendant put his threshing machinery away for the season, and, with the beginning of the corn-shredding season, brought out his corn shredder and proceeded to shred corn for his neighbors for compensation. It was during such operations that the plaintiff was injured.

Defendant was a member of the Brown County Threshermen's Protective Association, also defendant in this action, a mutual organization of threshermen in and around Brown county, S. D., for the purpose, as stated in its articles of association which reads as follows: " * * * To provide compensation and insurance for

the employees of the members of this association while said employees are employed by members hereof in the actual business of Threshing, and, said compensation and insurance shall apply only to such employees of the members hereof as shall be entitled to compensation under and by virtue of the Workmen's Compensation Laws of the State of South Dakota, and in compliance with the rules and regulations of the Industrial Commissioner of said state."

At the time of the accident, defendant, through the Brown County Threshermen's Protective Association, carried workmen's compensation with said association, pursuant to the Workmen's Compensation Laws of South Dakota, which insurance was then in full force and effect.

The industrial commissioner, on the hearing, made findings and conclusions as to the claimant being employed, and while so employed was injured, and that the Brown County Threshermen's Protective Association carried workmen's compensation for the said Preston, and as such was liable for the said injury. On appeal to the circuit court, that court having examined the record as presented to it from the industrial commissioner, it was decreed that the defendant Preston was engaged in the occupation and business of threshing for hire, and at the time of said injury was operating in his business a corn-shredding machine; that said claimant was not a farm laborer; that the shredding of corn was a threshing operation; and it was ordered and adjudged that the decision and award of the industrial commissioner be affirmed. Thereafter the defendants perfected their appeal from the order and judgment of the circuit court. No motion for new trial was made.

The appellants by their assignments of error allege that the court erred in entering its judgment against the defendants for the reason that the findings of said industrial commissioner were not sufficient to sustain said judgment; that the evidence showed that the defendant was insured against loss through injury to his employees while such employer was engaged in threshing only, and at the time of said injury the defendant was not engaged in the operation of a threshing machine, but was engaged in the operation of a corn shredder; and, further, that said plaintiff was a farm laborer and thereby excluded from compensation by the provisions of the Workmen's Compensation Act.

This appeal presents for our consideration two questions of law and fact alone: First, is a motion for new trial necessary and a prerequisite to an appeal of this nature? and, Second, was the employer at the time of the injury engaged in the operation of a threshing machine as defined by this court and the Code provisions of this state?

Concerning the first inquiry, this court has held that, in an appeal from the judgment of the circuit court upon an affirmance of an award of an industrial commissioner or referee, and where the circuit court made no findings of its own but adopted the findings and conclusions of the commissioner or referee, a motion for new trial is not necessary, and the failure to make such a motion is not fatal to an appeal. Detling v. Tessier et al, 59 S. D. 467, 240 N. W. 598; Gibbs v. Commercial & Savings Bank of Sioux Falls, 50 S. D. 134, 208 N. W. 779; Dunn v. Gamble, 47 S. D. 303, 198 N. W. 821; rule 44 of Trial Courts of Record (40 S. D. prelim. p. 35).

Section 9443, R. C. 1919, as amended by Session Laws of 1919, chapter 364, and Session Laws of 1923, chapter 312, provides as follows: "Law Not Applicable to Certain Employees. This Article shall not apply to an employee whose employment is not in the usual course of trade, business, profession or occupation of the employer; to farm laborers; to domestic servants nor to the employers of such persons; provided that such employers may place themselves under the provisions of the Workmen's Compensation Law by voluntarily insuring their risks under such law, and their employees shall have the right of rejection of such provision if they so desire."

Section 9443, 1919 S. D. Rev. Code, contained the phrase "to farm or agricultural laborers." In 1919 that language was changed to "to farm laborers," indicating that it was desired to limit the exemptions as to rural employers coming within the Workmen's Compensation Laws.

Chapter 362 of the 1919 S. D. Session Laws, provides:

"Section 1. That the provisions of Article 4 of Chapter 5 of Part 19 of the South Dakota Revised Code of 1919, sections 9436 to 9491, both inclusive, not inconsistent with the provisions of this Act, are hereby extended and shall apply to the occupation of

operating threshing machines, including traction engines and separators, in the state of South Dakota, and it shall be unlawful for any person, firm, association or corporation to operate a threshing machine and engage in the threshing of grain in this state without first providing insurance for the compensation of employees who may be injured in the performance of their duties. * * *

"Section 4. The provisions of this act shall apply only to those engaged in the operation of threshing machines for profit and not to the operation of threshing machines by the owner for the threshing of his own grain crops, or those who are not generally engaged in the operation of threshing machines for commercial purposes."

Said statutes brought in all persons engaged in the occupation of operating threshing machines for commercial purposes including traction engines and separators, within the state, placing said employees within the purview of the insurance and compensation.

The employer, Warnie Preston, was insured by the Brown County Threshermen's Protective Association. Section 3 of the articles of the association fairly indicates the purpose for which the insurance compensation would be furnished, and is in harmony with the certificate of membership issued to those to be protected and is as follows: "The purpose of this Association shall be to provide compensation and insurance for the employees of the members of this association, which said employees are employed by members hereof in the actual business of threshing, and said compensation and insurance shall apply only to such employees of the members hereof as shall be entitled to compensation under and by virtue of the Workmen's Compensation Law of the State of South Dakota and in compliance with the rules and regulations of the Industrial Commissioner of said state."

Chapter 362, S. D. Session Laws 1919, was enacted to protect workmen engaged in threshing small grain as usually understood by the term of threshing of small grain.

This now brings us to the final question presented by this appeal, namely, Was the employer at the time of the injury engaged in the operating of a threshing machine as defined by this court and the Code provisions of this state? This court is of the opinion that he was not. The respondent has urged and argued at some length that shredding corn is a threshing operation, and that

the term "threshing rig" may be applied as well to an outfit of shredding corn as to one for threshing small grain; likewise the term "threshing operation," used, as it is in the certificate, may, under truly grammatical definitions, apply equally to the operation of separating ears of corn from the stalks and husks, as well as to the operation of separating kernels of wheat from the chaff and stalks. Further, the respondent argues that the maxim "expressio unius est exclusio alterius" is not applicable in the exclusion of corn-shredding operations from the benefits of the Workmen's Compensation Laws. However, this court is inclined to favor the adverse contentions of the appellant. In determining the meaning of the words "threshing" or "threshing operations," the meaning must be that which the Legislature intended and had in mind at the time it enacted the statutes concerning "threshing" machines. We believe the controlling element is not the ancient derivation of the words but the modern intent which the Legislature at the time of enactment meant to convey. That the Legislature had in mind a distinction between the operating of threshing machines and the operating of corn shredders, we note by the statutes passed by the Legislature of South Dakota since 1919 in which they recognized a difference in meaning between the two terms. Chapter 362, Laws of 1919, extended the provisions of the Workmen's Compensation Law to the operation of threshing machines. It was re-enacted as chapter 423, Laws of 1921. The same Legislature which enacted the above statute to extend the Workmen's Compensation Law so as to include threshing operations also passed chapter 281, Laws of 1921, "relating to lien for threshers of grain and shellers of corn." By an examination of this entire statute, we readily see that the Legislature recognized a distinction in the threshing of small grain and the shelling of corn, and that the terms were certainly not synonymous nor included within one another. While this same Legislature was enacting this lien law, it also enacted the law extending the provisions of the workmen's compensation to operating of threshing machines, as referred to above. It is therefore fair to assume that, had the Legislature intended to extend the Workmen's Compensation Laws so as to include corn shelling or corn shredding, as it did in the lien law, it would have included such operations in express terms. Again in 1931, the Legislature amended the lien law by enacting chapter 175, Laws of 1931, ex-

tending the lien for threshers of grain, shellers of corn, corn huskers, shredders, etc., and expressly by chapter 269, Laws of 1931, extended the operations and occupations included within the Workmen's Compensation Laws to the "operating a threshing machine, grain combine, corn sheller, corn husker, shredder," etc., provided that those operating such machines were "engaged in the operation of said machines for commercial purposes." We note that it was not until 1931 that the Legislature enacted the law concerning the operating of corn shredders, and clearly, as pointed out before, it must have been its intention to exclude them previously. The injury to respondent occurred in 1929, while the act which would have included the respondent was not enacted until 1931. It cannot be retroactive, and therefore the respondent has no relief. Neither the Constitution nor the statutes should be so construed as to have a retroactive effect, unless such intention is clearly expressed. Cutting v. Taylor, 3 S. D. 11, 51 N. W. 949, 15 L. R. A. 691.

The record does not disclose that Warnie Preston carried any insurance other than the policy issued by the Threshermen's Protective Association covering his thresher for the threshing of small grain. Therefore the respondent cannot maintain these proceeding against appellant Preston under the Workmen's Compensation Act, and it is not for this court to say what remedies, if any, he may pursue in attempting to establish a liability against the appellant Warnie Preston.

For the reasons above given, the judgment should be reversed, with directions to dismiss the proceedings.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

CAMPBELL, P. J., concurs in the result.