DANIEL O. HASTINGS, as Special Trustee of Standard Gas and Electric Company, Respondent, *v.* H. M. BYLLESBY AND COMPANY et al., Defendants, and E. CARLETON GRANBERY et al., Defendants-Appellants.

Argued February 29, 1944; decided October 12, 1944.

414

*H. Preston Coursen* for appellants. I. Former section 11, subdivision d, of the Bankruptcy Act [U. S. Code, tit. 11.

§ 29, subd. (d)] even if applicable, did not toll the limitation. (*Hastings* v. *Byllesby & Co.*, 265 App. Div. 643; *Nairn* v. *McCarthy*, 120 F. 2d 910; *Charlesworth* v. *Hipsh, Inc.*, 84 F. 2d 834, 299 U. S. 594; *Davis* v. *Willey*, 273 F. 397; *Silverman* v. *Christian*, 198 A. 832.)  II. If the Bankruptcy Act has any application, it is section 11, subdivision e, and not former section 11, subdivision d.  (*Smith* v. *The People*, 47 N. Y. 330; *Bovay* v. *Byllesby and Company*, 30 A. 2d 865.) III. The eighteenth cause of action is barred by the five-year Statute of Limitations of Illinois. (*Bunker Hill Country Club* v. *McElhattan*, 282 Ill. App. 221; *Jackson* v. *Anderson*, 355 Ill. 550; *Woolverton* v. *Taylor*, 132 Ill. 197; *Walz* v. *Mansfield*, 144 Misc. 304; *National Surety Co.* v. *Ruffin*, 242 N. Y. 413; *Klotz* v. *Angle*, 220 N. Y. 347.)

*Sidney R. Nussenfeld, Max J. Rubin, Morris Gottlieb, William H. Foulk* of the Delaware Bar, *William H. Button* and *Francis J. Quillinan* for respondent.  I. The action did not accrue as respects the plaintiff until his appointment as bankruptcy trustee.  The Statute of Limitations is therefore no bar to this cause of action. (*Buttles* v. *Smith*, 281 N. Y. 226.) II. The Appellate Division correctly held that former section 11, subdivision d, of the Bankruptcy Act and not section 11, subdivision e, of the amendatory Act is applicable to the instant case.  Plaintiff had two years after the estate was closed within which to commence this action.  This cause of action having been commenced within that period of time, it is therefore not barred by the Statute of Limitations. (*People* v. *Cohen*, 245 N. Y. 419; *Shevlin* v. *La Guardia*, 166 Misc. 473, 254 App. Div. 922, 279 N. Y. 649; *Gilbert* v. *Ackerman*, 159 N. Y. 118; *Matter of Malossi* v. *McElligott*, 166 Misc. 513; *Stephan* v. *Merchants Collateral Corp.*, 256 N. Y. 418; *Oppenheimer* v. *Roberts*, 175 App. Div. 424; *Devoy* v. *Superior Fire Insurance Co.*, 239 App. Div. 28; *Callaghan* v. *Bailey*, 179 Misc. 673, 266 App. Div. 915; *Rice* v. *Chapman*, 234 App. Div. 279; *Isaacs* v. *Neece*, 75 F. 2d 566.) III. The eighteenth cause of action is not barred by the five-year Statute of Limitations of Illinois. (*Gray* v. *Heinze*, 144 N. Y. S. 1045, 160 N. Y. S. 1131, 225 N. Y. 646; *People* v. *Miles*, 123 App. Div. 862, 192 N. Y. 541; *National Drama Corporation* v. *Burns*, 183 N. Y. S. 739, 194 App. Div. 959; *Nevada Nickel*

*Syndicate* v. *National Nickel Co.,* 96 F. 133; *Globe Gas Light Co.* v. *Met. Investment Co. of New York,* 10 App. Div. 342; *Henry* v. *Colorado Land & Water Co.,* 51 P. 90; *Scott* v. *Pacific Superior Sunset Oil Co.,* 77 P. 817.)

LEHMAN, Ch. J.  Upon a companion appeal [*Hastings* v. *Byllesby* (*Haystone*) 293 N. Y. 404] decided herewith, we have held that the sixteenth cause of action against Haystone Securities Co., contained in the complaint in the above-entitled action, is barred by the Statute of Limitations of the State of New York.  Upon this appeal the question presented is whether the eighteenth cause of action against the defendants-appellants, contained in the same complaint, is also barred.  A motion made by the defendants-appellants to dismiss that cause of action against them on the ground that it was barred by the Statute of Limitations was denied at Special Term and the order denying the motion was unanimously affirmed by the Appellate Division.  Leave to appeal was granted upon the certified question: " Did the eighteenth cause of action set forth in the complaint herein accrue within the time limited by law for the commencement of an action thereon? "

The eighteenth cause of action alleges that the defendants named therein, including the appellants, entered into " a corrupt and illegal conspiracy " to cause the dismissal of litigation which had been brought by stockholders of Standard Gas & Electric Company against that corporation, its directors and other parties to set aside certain corporate transactions and to compel an accounting of profits wrongfully obtained by some of the parties to these transactions and of losses suffered by the corporation; and that " in pursuance of said illegal conspiracy and for their own individual benefits and not to serve any corporate purpose of Standard, ' the said defendants herein caused Standard to pay to the complainants therein a large sum of money ".  The purpose of the alleged conspiracy was consummated in 1930 and the courts below have held that the six-year Statute of Limitations applied to the cause of action which then accrued to the corporate debtor.

In our opinion upon the companion appeal in this case from the judgment dismissing the sixteenth cause of action against Haystone Securities Company, we held that no new cause of

action to recover corporate moneys wasted by corporate officers or directors or to recover damages suffered by the corporation through their malfeasance or neglect or to recover profits wrongfully secured by them, accrues to a trustee in bankruptcy upon his appointment. The defendants-appellants named in the eighteenth cause of action were elected directors of the debtor corporation in the year 1930 and they are charged with dereliction in that year. The cause of action against them, like the cause of action against Haystone Securities Company, pleaded in the same complaint, is based upon a wrong done to the debtor corporation. It belonged to the debtor. Title to that cause of action vested in the trustee upon his appointment and no new cause of action accrued to the trustee upon which the Statute of Limitations then began to run.

The defendants-appellants submitted upon the motion to dismiss a certified copy of the minutes of the meeting of the directors of the debtor corporation, held in the State of Illinois in September, 1930, at which they voted to ratify an agreement which had been theretofore made by officers of the corporation to settle litigation brought by stockholders of the debtor corporation to redress alleged wrongs done to the corporation and voted also to ratify the use of $200,000 of corporate moneys in settlement of that litigation. They claim that otherwise they had no part in the transaction upon which the cause of action against them is based. They are now, it is said, residents of this State and they urge that the alleged cause of action arose in the State of Illinois and, under the statutes of that State, was barred before September 27, 1935, when the petition in bankruptcy was filed. The question where the cause of action arose and whether the Statute of Limitations of the State of Illinois applies must await the trial of the action. It does not conclusively appear that the Illinois Statute applies.

The debtor corporation could have obtained complete relief by an action at law, in which the six-year Statute of Limitations would apply. No equitable accounting was necessary. The six-year period had elapsed before December 1939 when this action was commenced. It had not elapsed in 1935 when the petition in bankruptcy was filed and approved. At that time the Bankruptcy Act, section 11 (subd. d), provided that: " Suits shall not be brought by or against a trustee of a bankrupt estate

subsequent to two years after the estate has been closed." [Act July 1, 1898, 30 U. S. Stat. 549, U. S. Code, tit. 11, § 29, subd. (d).] In the case of *Callaghan* v. *Bailey* (293 N. Y. 396), decided herewith, we held that this provision of the Bankruptcy Act of 1898 was a true Statute of Limitations superseding other Statutes of Limitations and applying to all causes of action which were not barred at the time of the filing of the petition and of the appointment of trustees, whether arising at common law or created by statute enacted by the Legislature of the State or arising under the Bankruptcy Act. The Bankruptcy Act was revised by the Chandler Act in 1938 (52 U. S. Stat. 840) and section 11 (subd. e) now provides: " A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy." [U. S. Code, tit. 11, § 29, subd. (e)]. Section 102 of the Bankruptcy Act, as revised by the Chandler Act, provides that " the date of adjudication shall be taken to be the date of approval " of the petition. (52 U. S. Stat. 883, ch. X, § 102; U. S. Code, tit. 11, § 502.) In *Callaghan* v. *Bailey (supra)* the action was instituted in 1937 before the revision of the Bankruptcy Act and the action was brought within the period within which the action might be instituted in accordance with the Bankruptcy Act then in effect. In the case we are now considering the action was brought after the revision of the Bankruptcy Act went into effect and not within two years subsequent to the date of adjudication or the approval of the petition or within six years after the cause of action accrued.

The amendatory act provides in section 4 that: " Except to the extent necessary to give effect to the provisions of section 6 of this amendatory Act, all Acts or parts of Acts inconsistent with any provisions of this amendatory Act are hereby repealed." Section 6 provides in part: " Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings *so far as practicable in cases pending when it takes effect;* but proceedings in cases then pending to which the provisions of this amendatory

Act are not applicable shall be disposed of conformably to the provisions of said Act approved July 1, 1898, and the Acts amendatory thereof and supplementary thereto." (Italics are supplied.) We think that the words " proceedings in cases then pending," as used in section 6, were intended to mean proceedings in bankruptcy " cases " then pending, and include proceedings of a trustee in bankruptcy in connection with actions which the trustee is authorized to bring in any court. In such proceedings the provisions of the Bankruptcy Act in effect when the bankruptcy petition was filed are applicable where it would not be " practicable " to apply inconsistent provisions of the revised statute. Perhaps, however, the result would be the same if a narrower construction were given to section 6. Even without an express provision in a statute that inconsistent provisions contained in earlier statutes are repealed, such inconsistent provisions would be repealed by necessary implication where the provisions in the earlier statutes cover the same field as the later statute and there is no room for reconciliation. On the other hand, the courts will not give retrospective operation to a statute which interferes with antecedent rights in the absence of an unequivocal expression in the statute that the Legislature intended that the statute should have such effect. Certainly the courts must hesitate to find implied in a statute an unexpressed legislative intent that its provisions should apply to antecedent rights beyond the point where that is " practicable." Sections 4 and 6 of the amendatory act are hardly more than a statutory reformulation of long-established rules of statutory construction.

This court has said that a Statute of Limitations may not be given retrospective effect where it does not " give a person reasonable time to enforce a remedy available to him before the bar of the statute will apply." (*Halsted* v. *Silberstein,* 196 N. Y. 1, 15.) Here, at the time when the amendatory statute went into effect, more than two years had passed since the approval of the petition. If the limitation contained in the amendatory act applies to causes of action to which title was at the date of approval vested in the trustee, such causes of action would be barred at the moment when the amendatory act took effect. The Supreme Court of the United States has said: " It is

essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action". (*Wilson* v. *Iseminger*, 185 U. S. 55, 62.) If the amendatory act had gone into effect immediately after it was enacted, and the new limitations in it applied to existing causes of action, then in a case such as this a receiver or trustee in bankruptcy would have no opportunity to commence suit upon them. Here the statute (§ 7) provides that it shall take effect only three months after its enactment. In some other jurisdictions it has been held that by postponement of the date when a Statute of Limitation takes effect the holder of a cause of action may be allowed the " reasonable time " to enforce his remedy which is " essential " even though no time be allowed after the statute has taken effect. That is not the rule in this State. We have said that " the fact that the act affords a reasonable interval between its passage, or becoming a law, and its taking effect is not enough " to remove doubts as to the validity of a statute if applied to causes of action which would be barred at the moment the statute takes effect. (*People* v. *Cohen*, 245 N. Y. 419, 422; *Gilbert* v. *Ackerman*, 159 N. Y. 118.) We think the rule applied in this State is sound and should be followed in construing the Federal statute.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Order affirmed, etc.