CUSTER CITY, Appellant v. ROBINSON et al., Respondents

(108 N.W.2d 211)

(File No. 9885. Opinion filed March 25, 1961)

**Robert C. Bakewell, Jr.**, Custer, **Martin P. Farrel**, Hot Springs, for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

ROBERTS, J. This is an action by the City of Custer for declaratory judgment against Homer Robinson, James L. Cullum, and Eric Heidepriem as individuals and as representatives of petitioners who filed a petition requesting submission to the electors of the city of the question of rescinding action previously taken authorizing issuance of bonds for the construction of a municipal hospital. The trial court held that defendants and the other petitioners are entitled to have the question as proposed submitted to a vote. Plaintiff has appealed.

It appears from the record that the following proposal at a special election in August, 1957, was submitted to and adopted by the voters of the city: "Shall the City of Custer City, Custer County, South Dakota, be authorized to issue General Obligation Bonds in an amount not to exceed $120,000.00 and to bear interest at a rate of not to exceed five per cent (5%) per annum, for the purpose of purchasing and constructing buildings, facilities and other improvements necessary and appropriate to the establishment of a hospital by the City of Custer City and of match-

ing funds of the United States of America which are or may be available for such purpose."

The city thereafter issued general obligation bonds in the amount authorized and caused to be spread upon all the taxable property within the city an annual tax sufficient to pay interest and principal when due. At the time of the commencement of this action taxes in the amount of $5,945.67 had been collected, three bonds in the amount of $1,000 each had been paid, there had been expended for services of an architect $3,750 and the city had paid from its general fund claims properly chargeable to the hospital project in the amount of $2,624.

The petition filed on March 30, 1959, requested submission of the following question: "Shall the City of Custer City, South Dakota, revoke its plan for the construction of a Municipal Hospital and call for payment those certain General Obligation Bonds heretofore issued for that purpose?" The city officers refused to comply and then commenced the present action to have determined their respective duties and rights. Thereafter, May 12, 1959, a temporary injunction to preserve the status of the parties pending determination of the merits of the controversy was issued in an injunction suit brought by four electors and taxpayers of the city.

The Constitution of this State, Sec. 1, Art. III, reserves to the electors of a municipality the right of initiative and referendum. Sections 45.1018 to 45.1021, SDC 1960 Supp., set forth the manner of exercising the initiative privilege. We need not determine whether or not the petition filed was in due form and in compliance with the procedure and conditions prescribed in these statutory provisions.

It is fundamental that an ordinance or resolution proposed by the electors of a municipality under the initiative law must be within the power of the municipality to enact or adopt. 62 C.J.S. Municipal Corporations § 454; see State ex rel. Saylor v. Walt, 66 S.D. 14, 278 N.W.

12; Roush v. Town of Esmond, 73 S.D. 406, 43 N.W.2d 547. A municipal corporation or its electors have only such powers as are expressly delegated by the state or as are necessarily implied from expressly delegated powers. Ericksen v. City of Sioux Falls, 70 S.D. 40, 14 N.W.2d 89; City of Rapid City v. Rensch, 77 S.D. 242, 90 N.W.2d 380. The question then is whether there is power in a city to rescind the vote on a bond issue after it has been authorized.

The provisions of SDC 45.23 and acts amendatory thereto constitute the procedure for issuance of general obligation bonds by a city. They provide for a bond election. If the requisite majority of the electors cast their vote in favor of the issuance of bonds, the city without further act is authorized to issue bonds through its officers to the amount voted and to sell and negotiate the same. There is no provision vesting authority in the electors of a city to petition for another election to vote on the question of rescinding their former action.

In State ex rel. Saylor v. Walt, supra, this court had before it the question whether a resolution adopted by the governing body of the City of Huron accepting the conditional offer of the United States, to purchase bonds and to grant additional funds was subject to a referendum. The authority to sell and negotiate the bonds had been granted to the governing body of the city by the electorate. The decision is not to be taken as authority for the statement that there is a general right of electors to rescind by another vote action previously taken authorizing the issuance of bonds. The following excerpt from the opinion sufficiently distinguishes the case: "If the resolution in question dealt solely with the disposition of the issue of bonds authorized by the voters of the spring election, authorities would offer support for a contention that the Legislature did not intend to set up a machinery through which the electors might reconsider at a referendum election that which they had previously approved at a bond election. * * * However, we are convinced that the facts disclosed

in this record do not confront us with that situation. Although the proposal or offer of the government and the resolution of acceptance by the governing body of the municipality purport to deal with the purchase and sale of the bonds authorized at the spring election * * * they also include the proposition of additional financing by the government through a PWA grant, as well as the fact that the entire proposal was subject to the terms and conditions of PWA form No. 230. These terms and conditions are not before us in detail, but that they might possibly prove to be extremely burdensome and to involve serious practical and legal questions is disclosed by the findings of the learned trial court." [66 S.D. 14, 278 N.W. 14]

The annotation in 68 A.L.R.2d 1041 contains a discussion of the cases considering rescission of vote authorizing an expenditure, tax or bond issue. It is therein stated: "Relying on the general principle that a municipal corporation or its voters have only such powers as are expressly delegated by the sovereign, or as are necessarily implied from expressly delegated powers, several courts have held that where the voters of a municipality are author- ized to vote upon the question whether a certain tax shall be imposed or certain expenditures of tax money made, the power granted is exhausted when the tax or expenditure has once been approved, and there is no implied power to rescind that approval by a later vote, in the absence of a statute expressly so providing."

In 64 C.J.S. Municipal Corporations § 1929, c. page 552, it is said: "The defeat of a proposition to issue bonds does not prevent a second submission of the proposition, whereas a proposition to issue bonds which has been adopted by the voters ordinarily cannot be resubmitted in the absence of statutory authority." This rule has been expressly recognized in Schmiedeskamp v. Board of Trustees of Sch. Dist. No. 24, 128 Mont. 493, 278 P.2d 584, 68 A.L.R.2d 1035; Goedde v. Community Unit School Dist. No. 7, 21 Ill.App.2d 79, 157 N.E.2d 266; People ex rel. Osborn v. Board of Trustees of Village of Bellport, 119 Misc.

357, 196 N.Y.S. 459; Orr v. Marrs, Tex. Civ.App., 47 S.W.2d 440.

In Independent School Dist. No. 68, Fairbault County v. Rosenow, 185 Minn. 261, 240 N.W. 649, 650, 79 A.L.R. 434, the question involved was whether voters in a school election meeting could rescind authority previously given for an issue of bonds. The court recognized the right of rescission, but premised its holding on a statute. The court said: "It may be assumed for present purposes, as argued for plaintiffs, that, ordinarily, once a municipality such as a school district, by vote of its electors, has authorized the issue of bonds, it cannot rescind that action by a subsequent election called for that purpose. That rule may be modified or wholly abrogated by statute. In its application to this case, we think it has been. * * * Under Mason's Minn. St. 1927, § 2798, the voters, regularly convened in a school meeting, may (subdivision 4) designate a schoolhouse site and provide for the erection of a building thereon, and (subdivision 5) may 'repeal and modify their proceedings from time to time.' * * * We hold therefore that the voters of a school district may, in properly called meeting, rescind the action taken at an earlier election authorizing a bond issue, provided, of course, that the bonds have not been issued in such fashion as to bind the district contractually and beyond its power to withdraw."

The right to rescind in the absence of statute a vote authorizing a bond issue where no vested rights have intervened has in some cases been upheld. The author of the above cited annotation states that most of the cases so holding involve votes of town or school district meetings and concludes that they can probably be distinguished. We deem it unnecessary to discuss these cases. If they may be taken as authority for the principle that having the power to vote for a bond issue electors have the right by necessary implication to rescind the vote, they are at variance with the rule generally applicable.

■ We thus conclude that the power to rescind a vote authorizing a bond issue is not conferred upon a municipality or its electors. It cannot therefore be made the subject of an initiative measure.

The judgment appealed from is reversed.

All the Judges concur.