**PUBLIC SCHOOL DISTRICT NO. 35 IN BARNES TOWNSHIP, CASS COUNTY, North Dakota, a public corporation, the School Board of Barnes Township Public School District No. 35 of Cass County, State of North Dakota, previously Common School District No. 35 in Cass County, North Dakota, Adolph Henke, L. C. Barnes and Wesley Stensatter, members of the School Board, and individually, as electors, and citizens of said School District, Petitioners and Appellants,**

v.

**CASS COUNTY BOARD OF COUNTY COMMISSIONERS and Cass County, a public corporation, Respondents.**

No. 8070.

Supreme Court of North Dakota.

Aug. 7, 1963.

—◆—

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for appellants.

Eugene A. Kruger, State's Atty., and Lowell W. Lundberg, Asst. State's Atty., Fargo, for respondents.

Ohnstad, Twichell & Maxwell, West Fargo, and Shaft, Benson, Shaft & McConn, Grand Forks, amici curiae.

TEIGEN, Judge.

The board of county commissioners of Cass County, North Dakota, was notified by its county superintendent of schools that Common School District No. 35 had not operated a school for the immediately preceding two years and that such school district had no pupils attending school in another State. Upon receipt of the notification, and pursuant to Section 15–22–21, N.D.C.C. (Chapter 157, Laws of 1961), the said board of county commissioners caused to be published a notice of hearing to dissolve the said school district and to provide for its attachment to an adjoining school district. Before final action was taken by the said board of county commissioners, the appellants petitioned the district court for a writ of prohibition. An alternative writ of prohibition was issued and an order was directed to said board of county commissioners to show cause why they should not be prohibited and restrained absolutely from further proceeding in such matter. Upon hearing the court issued its order denying the petition and quashing the alternative writ of prohibition. Judgment was entered on the order. This appeal is taken from the judgment. The question presented and argued in this court is: Did the board of county commissioners proceed without jurisdiction or in excess of their jurisdiction?

Section 15–22–21, N.D.C.C., which is Chapter 157 of the Laws of 1961, provides:

"Dissolution of School Districts— Duty of County Superintendent.— When the county superintendent of schools shall notify the board of county commissioners that any school district within the county has had its assessed valuation reduced to an amount which will no longer enable the district to raise sufficient funds to carry on normal school operations as a result of the federal or state government acquiring property by eminent domain, or for any other reason, or that any school district within the county has not operated a school for the immediately preceding two years providing pupils from such school district are not attending school in another state, the board of county commissioners shall forthwith give notice of hearing to dissolve the school district and provide for its attachment to an adjoining school district. Be it further provided that when the county superintendent shall notify the board of county commissioners of unorganized territory and recommends that the same shall be attached to an adjacent school district, the board of county commissioners shall forthwith provide for its attachment to an adjoining school district or districts."

The law as passed provided an effective date as follows:

"The provisions of this Act shall be effective July 1, 1962."

Chapter 157 of the Laws of 1961 was an amendment and reenactment of Section 15–22–21 previously in effect. The only change made in the existing law was to add the words " * * * or that any school dis-

trict within the county has not operated a school for the immediately preceding two years providing pupils from such school district are not attending school in another state, * * *."

By its terms Chapter 157 of the Laws of 1961 did not go into effect until July 1, 1962, one year later than the normal effective date.

It is undisputed that School District No. 35 has not operated a school since 1946, that it has educated its children in the Fargo public schools and that pupils from said school district are not attending schools in another State.

The board of county commissioners gave public notice of a hearing to dissolve the said school district and provide for its attachment to an adjoining school district on July 9, 1962, eight days after the effective date of the statute. The notice set the hearing on the matter for July 24, 1962. On that date the commissioners continued the hearing until July 30, 1962. On July 27, 1962, the appellants, as petitioners, obtained from the lower court an alternative writ of prohibition returnable on August 13, 1962, requiring the board of county commissioners to cease and desist from further proceedings in the matter and directing them to show cause why they should not be prohibited and restrained absolutely from further proceeding in the matter.

On August 14, 1962, the court entered its written order vacating and quashing its alternative writ of prohibition, dismissed the proceedings, and provided that the commissioners were authorized to proceed forthwith to determine the matter. Judgment to the same effect was entered on the order on August 24, 1962. We are advised by respondents' brief that on August 22, 1962, the board of county commissioners of Cass County acted to dissolve the school district and assigned and attached its territory to two adjoining districts.

The petitioners in argument advanced three possible interpretations of the phrase "immediately preceding two years" contained in the statute. They are as follows:

(1) That the period commences from the effective date of the statute, to wit, July 1, 1962, in which event the commissioners could not act until July 1, 1964;

(2) That the period commenced when the statute normally would have been effective, to wit, July 1, 1961, in which event the board could not act until July 1, 1963; and

(3) That the period may have commenced any time within two years of the effective date of the statute in which event the board could take action at any time the required period had passed, which could be July 1, 1962, the effective date of the statute.

■ The gist of the appellants' argument is that if the Act is construed to be operative July 1, 1962, it would not have prospective operation only but would also operate retrospectively. They then give several arguments why the statute should not be construed to be retrospective. We need not set forth these arguments in this opinion because we agree the Act operates prospectively only. It prescribes rules for the future.

The provision that the school district has not operated a school for the immediately preceding two years is an antecedent jurisdictional requirement to the operation of the Act. It is a fact which must be established by the county superintendent before notification is made to the county commissioners. The Act is not operative unless this antecedent fact is established.

■ The operation of the Act is, therefore, dependent upon the existence of the required antecedent fact and is prospective only. A statute is not retroactive because it draws upon antecedent facts for its operation or because part of the requisites of its action is drawn from time antecedent to its passing. 82 C.J.S. Statutes § 412; 50 Am.Jur., Statutes, Sec. 476.

For these reasons the board of county commissioners had jurisdiction and the lower court properly dismissed the petition and vacated its alternative writ. Section 15–22–21, N.D.C.C., did not impair an obligation on contract, nor did it take away any vested right.

"The inhabitants of a school district have no property rights in the boundaries thereof or in the maintenance of their district." Anderson v. Peterson, 78 N.D. 949, 54 N.W.2d 542.

The appellants next advance the argument that Chapter 157 of the Laws of 1961 was repealed by the enactment of Chapter 158 of said Laws on the ground that the two chapters are inconsistent and that Chapter 158, a later statute, must prevail. Chapter 157 is set out earlier in this opinion. Chapter 158 provides for "organization and dissolution of public school districts" by the county commissioners upon written application signed by two-thirds of the electors residing in contiguous territory and after hearing on 14 days notice. Appellants further argue that if the statute is not repealed by implication, the two statutes must be construed together under the rule of pari materia.

We have examined these statutes and find no conflict and no inconsistency between them. Chapter 157 provides that where certain factual conditions exist and the county superintendent of schools notifies the board of county commissioners thereof, the board of county commissioners upon receiving such notification shall give notice of hearing to dissolve the school district and attach its territory to an adjacent district or, if the territory is unorganized, attach it to an adjoining district or districts. It is manifest from the wording of the statute that it was the legislative intent that no

school district should continue to exist as a separate school district where the factual conditions set forth in the statute are found to exist and that there should no longer be permitted to exist any unorganized territory.

Chapter 158, on the other hand, is a legislative grant of right permitting two-thirds of the electors residing in a territory contiguous to a public school district to petition the board of county commissioners to attach the contiguous territory to an adjacent district. It in no way is applicable to unorganized territory. It does not apply to a whole school district. It also provides certain discretion in the board of county commissioners.

Chapter 158 does not provide for the dissolution of a whole school district. Only a part of the territory of a school district may be detached and annexed to an adjacent school district under its provisions, and it requires that the territory remaining must have certain assessed valuation. There is no conflict between the two chapters, no inconsistency and no doubt as to the legislative intent. The two chapters do not have a common purpose and are not aimed at the accomplishment of the same result.

Appellants also raise certain constitutional issues in their petition. However, they concede in their argument that these are germane only in the event that Section 15–22–21, N.D.C.C., is interpreted as being retroactive. Because we find the statute prospective, we need not consider these issues.

For the reasons set forth in this opinion, the judgment of the lower court is affirmed.

MORRIS, C. J., and BURKE, STRUTZ and ERICKSTAD, JJ., concur.