STATE ex rel. STRENGE et al., Appellants v. WESTLING et al., Respondents

(130 N.W.2d 109)

(File No. 10123. Opinion filed September 8, 1964)

Rehearing denied October 9, 1964

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, **Harold Bene-dict,** Colman, **Field, Arvesen, Donoho & Lundeen,** Fergus Falls, Minn., for plaintiffs and appellants.

**Carl Miller,** Flandreau, **Claude Hamilton, Blaine Simons,** Sioux Falls, for defendants and respondents.

HOMEYER, J. At a special election held on December 13, 1960, the people of Colman approved an ordinance grant-ing its city council authority to construct and operate a municipal electric distribution system and to issue negotiable revenue bonds to finance such project under the provisions of SDC 45.24.[1] An attempt to halt the mandate of such election failed when this court held any irregularities which may have occurred in the election proceedings were validated by Ch. 465, Laws of 1961.[2]

Subsequently,[3] an initiative petition in proper form was filed with the city auditor proposing an ordinance which would revoke and nullify such authority. The city council refused to enact such ordinance and to call a special election thereon. In this action plaintiffs as electors and taxpayers seek to compel defendants to enact and submit such nullifying ordinance to a vote of the people of Colman. The trial court refused to order issuance of a peremptory writ of mandamus and this appeal followed.

This court in Custer City v. Robinson et al., 79 S.D. 91, 108 N.W.2d 211, decided March 25, 1961, said there was no power in a municipality or its electors to rescind a vote authorizing a bond issue and an ordinance seeking to revoke previous action auth-orizing establishment of a hospital and issuance of bonds was

---

1. By vote of 229 votes "for" and 53 "against" Electric Revenue Bonds in aggregate principal not to exceed $95,000 were authorized. Taken from statement of facts in cases cited in NOTE 2 infra.

2. Otter Tail Power Company v. City of Colman et al., 80 S.D. 218, 121 N.W.2d 483, decided May 9, 1963.

3. July 11, 1963.

not the subject of an initiative measure. While Custer City was pending, the legislature enacted Ch. 247, Laws of 1961, which provides: "The right to initiate an ordinance shall not be applicable to ordinances proposed to nullify the purpose for which bonds have been sold by a municipality pursuant to statutory authority, **unless exercised within a period of thirty days after the sale of said bonds.**" (Emphasis supplied) No bonds have been sold.

 Summarized plaintiffs' contentions are (1) the statute quoted above now permits the initiative to be used to require an election seeking to rescind authority to issue bonds granted at a prior municipal election; that such legislation is prospective in operation and applicable here although the election was held in 1960; or in the alternative, if not prospective, it should be given retrospective effect since public rights only are affected; and (2) failing in the foregoing argument, Custer City should be distinguished on its facts; or again in the alternative, the decision should be reconsidered and reversed.

By adding a new section to SDC 45.10 the legislature has now granted to municipalities and the electors thereof the power at a second election to rescind a previous vote authorizing issuance of bonds. The absence of such an empowering statute was the foundation of our holding in Custer City. Nevertheless, it would be presumptuous for us to say that such intention existed prior to passage of Chapter 247. The legislative history reveals the bill when introduced omitted the italicized portion of the statute quoted supra and this part of the statute was added by the reference committee before final passage.[4] Without this addition the act would merely have been a statutory pronouncement of what became decisional law by the Custer City case. With the addition, the gap was filled, and following its effective date[5] the statute abrogated the rule announced. Within a fixed time the initiative may now be used to require elections which seek to revoke authority to issue bonds. This power, however, is a new power that did not exist prior to the effective date of the act. See Shielcrawt v. Moffett, 294 N.Y. 180, 61 N.E.2d 435, 159

4. Senate Journal, South Dakota, 1961, Senate Bill 278, pages 429, 504, 713, 768, 798, 1044.
5. July 1, 1961.

A.L.R. 971. The argument that a pre-existing legislative intent should be inferred from passage of the statute is not persuasive.

Plaintiffs also maintain that use of the initiative in 1963 to require an election to attempt to rescind a bond authorizing vote in 1960 is prospective operation and usage of Chapter 247. They recognize judicial aversion to retrospective construction and application of statutes, but advance the rule frequently referred to in texts and cases that a statute does not operate retroactively merely because it relates to antecedent facts and events, or because part of the requisites for its application occurred before its passage. 82 C.J.S. Statutes § 412; 50 Am.Jur., Statutes, § 476; Public School District No. 35, etc. v. Cass County Board of Commissioners, N.D., 123 N.W.2d 37; Sipple v. University of Illinois, 4 Ill.2d 593, 123 N.E.2d 722. The 1960 election is pictured as but an antecedent event furnishing nothing more than a jurisdictional requirement as a foundation for use of the initiative process. We do not share this view.

By a valid and nonrescindable election held more than six months before the statute became effective, the city council had been vested with authority to erect and operate a municipally owned electric distribution system and issue bonds therefor. The residents and taxpayers of the community had emphatically and irrevocably expressed their desires in the form and manner required by law. Each resident of the municipality in varying degree had an interest in the use and consumption of electric energy and a right to choose the source by which it could legally be made available to him. The election vested the city council with the requisite authority to build and operate a municipal light plant and finance the cost thereof. This was a substantive right to which the people of Colman were entitled both singly and collectively. See Dingman v. City of Council Bluffs, 249 Iowa 1121, 90 N.W.2d 742. The use of the initiative process to attempt to defeat this right at another election by virtue of a subsequently enacted law would be retrospective application of Chapter 247. Such right is more than an antecedent fact or event and a law permitting an election to be called to attempt to defeat such right is more than remedial or procedural legislation.

The rule is generally set forth in 82 C.J.S. Statutes § 412: "A retroactive or retrospective law, in the legal sense, is one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past." Another election imposes a new duty upon the electorate and attaches a new disability or condition to a past transaction which did exist prior to passage of Chapter 247.

Also, in 82 C.J.S. Statutes § 414: "Retrospective or retroactive legislation is not favored. Hence, it is a well-settled and fundamental rule of statutory construction, variously stated, that all statutes are to be construed as having only a prospective operation, and not as operating retrospectively. * * * Whether a statute operates prospectively, or retrospectively or retroactively, is a matter of legislative intent, and the foregoing statements and rules are generally contingent on the absence of any words expressing a contrary intention. More specifically, statutes generally will be held to operate prospectively unless the purpose and intention of the legislature to give them a retrospective effect clearly appears * * *. In every case of doubt, the doubt must be resolved against the retrospective effect and in favor of prospective construction only." These general rules have been referred to and consistently applied by this court. Federal Farm Mortgage Corporation v. Noel, 66 S.D. 481, 285 N.W. 871; Federal Land Bank of Omaha v. Vetter, 66 S.D. 653, 287 N.W. 636; In re Sadler's Estate, 73 S.D. 56, 38 N.W.2d 879.

██ A statute should not be applied retroactively unless an intention to have it so operate is clearly expressed. Bahlkow v. Preston, 60 S.D. 151, 244 N.W. 93; Cutting v. Taylor, 3 S.D. 11, 51 N.W. 949, 15 L.R.A. 691. Courts must hesitate to imply in a statute an unexpressed legislative intent that its provisions should apply retrospectively. Hastings v. H. M. Byllesby & Co., 293 N.Y. 413, 57 N.E.2d 737. Nothing in Chapter 247 even hints at a legislative intent to make it retroactive. If language evincing such intent were present, more weight might be attached to plaintiffs' arguments for retrospective application since public rights to some extent at least are involved. Likewise, a broad construction of the electorate's right to use the initiative might sup-

port liberal interpretation if expressions were used mildly indicative of a legislative intent for retrospective operation of such a statute. However, absent such language, we are not inclined to depart from the fundamental rule against retroactive application of laws. Baldwin v. City of Aberdeen, 23 S.D. 636, 123 N.W. 80, 26 L.R.A.,N.S., 116. See also SDC 65.0202(22).

■ Cases relied upon by plaintiffs have been carefully considered. No useful purpose would be served in discussing them here. None impels us to arrive at a different result. Many involve curative legislation which always operates retrospectively. Some are clearly within the category of remedy or procedure where courts, including this court, have been liberal and have sometimes relaxed the usual strict rule against retroactive construction and operation of statutes. 82 C.J.S. Statutes §§ 416, 421, 430; 50 Am.Jur., Statutes, §§ 481, 482; Dakota Central Tel. Co. v. Mitchell Power Co., 45 S.D. 462, 188 N.W. 750; Clark Implement Co. v. Wadden, 34 S.D. 550; 149 N.W. 424, L.R.A.1915C, 414.

Lastly, we are asked to distinguish the present case from Custer City, supra, on the facts. Although there are some variant facts, the basis for the decision in each case was and is the same, i. e., the absence of an empowering statute permitting the municipality and its electors usage of the initiative process to call a repealing election. We have also carefully reconsidered the decision rendered by a unanimous court in the Custer City case in the light of the arguments urged on this appeal. We are not disposed to recede from that decision or the reasoning employed therein.

Affirmed.

All the Judges concur.

BIEGELMEIER, P. J., (concurring). I concur with the observation Ch. 247, Laws of 1961, permits 5% of the voters to initiate an ordinance which rescinds a prior ordinance and bond issue approved by 60% of the voters at an election duly held and thus require another election on the same question. The only limitation is the filing of the initiatory petition within 30 days after the bonds are **sold.** It is the court's function to determine the power of the legislature to enact the statute, not the wisdom or prudence thereof.